UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>    Plaintiff,<br><br>v.<br><br>E. MONTEJO, et al.,<br><br>    Defendants. | No. 2:18-cv-1796 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's complaint for screening and his motion to proceed in forma pauperis. For the reasons set forth below, this court will grant plaintiff's motion to proceed in forma pauperis, dismiss claim 1 with leave to amend, and recommend dismissal of claims 2 and 3 without leave to amend.

**IN FORMA PAUPERIS STATUTE**

**I.    Legal Standards**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II. Has Plaintiff Accrued Three Strikes?

Court records indicate that plaintiff has been deemed a "Three Strikes" inmate under 28 U.S.C. § 1915(g). Stephen v. Zhang, No. 2:12-cv-630 GGH P (E.D. Cal. Apr. 19, 2012). The court takes judicial notice of the six cases identified therein as § 1915(g) strikes, all of which were dismissed for frivolousness or failure to state a claim. See also Stephen v. Fox, No. 2:16-cv-2574 CKD (E.D. Cal. Jan. 26, 2017); Stephen v. Hernandez, No. 08cv0750 BEN (BLM), 2008 WL 2540708 * 2 (S.D. Cal. June 20, 2008).

## III. Is Plaintiff in Imminent Danger of Serious Physical Injury?

Because plaintiff has accrued three strikes, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or

2

hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." Id. at 1055; see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) ("[Section] 1915(g) is not a vehicle for determining the merits of a claim.... [T]o fine-tune what is 'serious enough' to qualify for the exception ... would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim. This is not required...."). Rather, the court should liberally construe the pro se plaintiff's allegations to determine whether he has a plausible claim of imminent danger.

The court has reviewed plaintiff's complaint filed June 22, 2018. (ECF No. 1.) Plaintiff makes three claims. First, he alleges he was diagnosed with chronic kidney disease in 2017 but defendant Montejo has failed to treat it. He also contends defendants Sanders and Rading failed to diagnose the kidney disease previously. Plaintiff states that he has trouble with urination and alleges he requires hemodialysis. (Id. at 4-5.) Second, plaintiff alleges a data breach of his medical records in 2016 by defendant Matolon. (Id. at 6.) Third, he alleges a loss of property against defendant Wells Fargo Bank. (Id. at 28.) As relief, plaintiff seeks unspecified "injunctive relief" and compensatory and punitive damages. (Id. at 64.)

Whether or not plaintiff has adequately alleged "imminent danger" is a close question. Denial of medical treatment "may result in a pending imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g)." Freeman v. Collins, No. 2:08-cv-0071, 2011 WL 1397594 (S.D. Ohio Apr. 12, 2011) (citing numerous courts of appeals' cases), op. adopted, 2011 WL 6339687 (S.D. Ohio Dec. 19, 2011). Because this court liberally construes plaintiff's

3

complaint of problems with urination, the need for hemodialysis, and the potentially dire consequences if plaintiff does not receive dialysis, this court finds plaintiff has established an "imminent danger of serious physical injury" and qualifies for the exception to § 1915(g). Therefore, plaintiff will not be required to pay the full filing fee up front to proceed with this action.[1]  28 U.S.C. §§ 1914(a), 1915(b)(1).

By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

---

[1] While the court finds plaintiff meets the imminent danger exception for just one of his claims, the Ninth Circuit has held that he may proceed with his entire action. Andrews, 493 F.3d at 1052 (Qualifying prisoners can file their entire complaint [in forma pauperis]; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief.").

4

pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.      Has Plaintiff Stated Cognizable Claims for Relief?**

Plaintiff is incarcerated at the California Medical Facility. He identifies the following defendants: Dr. E. Montejo, Dr. D. Matolon, J.G. Stumpf, Wells Fargo Bank, Dr. R. Sanders, Dr. F. Rading, L.W. Austin, and J. Lewis. (ECF No. 1 at 1-3.) As described above, he alleges three

////

5

claims: for deliberate indifference to his medical needs, for release of his confidential medical records, and for theft of his property. Each is addressed below.

**A. Claim 1 - Eighth Amendment Deliberate Indifference**

**1. Legal Standards**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the

////

6

objective requirement for proving an Eighth Amendment violation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See <u>Farmer</u>, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06); see also <u>Toguchi v. Soon Hwang Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); <u>McGuckin</u>, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" <u>Farmer</u>, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. <u>Estelle</u>, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See <u>Hallett v. Morgan</u>, 296 F.3d 732, 745-46 (9th Cir. 2002); <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994); <u>McGuckin</u>, 974 F.2d at 1059; <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990); <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989); <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not

give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Does Plaintiff State a Claim for Deliberate Indifference?

In his first claim, plaintiff alleges that in August 2017, a Dr. Tang diagnosed him with chronic kidney disease ("CKD"). He contends that defendants Sanders and Rading failed to diagnose or treat that disease when he initially arrived at CMF in 2015. (ECF No. 1 at 4-5.) He also appears to allege that defendant "CEO Austin" had a policy that caused him harm. (Id. at 5.) Plaintiff alleges that defendant Montejo has refused to treat him, apparently based on the fact plaintiff is taking high blood pressure medication.

Plaintiff's allegations against defendants Sanders and Rading are insufficient. He does not show that those defendants should have, but willfully failed to, diagnose his CKD. Plaintiff must show more than that Sanders and Rading were negligent. He must show what they knew, why they should have known plaintiff suffered from CKD, and why their actions show they were deliberately indifferent to plaintiff's serious medical needs. In addition, plaintiff must show how he was harmed by the failure to diagnose his CKD earlier. Plaintiff will be given an opportunity to file an amended complaint to attempt to state a claim for deliberate indifference against Sanders and Rading.

With respect to defendant Austin, plaintiff's allegations are vague. It is unclear just what plaintiff is alleging Austin did that caused him harm. Plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). If plaintiff is claiming Austin personally instituted a policy that caused him
////

8

harm, he must explain Austin's involvement in developing or carrying out that policy, what that policy is, and how that policy caused him harm.

Plaintiff's allegations against defendant Montejo are that he is failing to treat plaintiff's CKD. Plaintiff also appears to be alleging Montejo has failed to order tests to determine what sort of CKD plaintiff is suffering from. The court requires more information about what Montejo has done, or not done, that caused plaintiff harm. Plaintiff should clearly state what Montejo knew about plaintiff's CKD, what Montejo has done about the CKD diagnosis, why Montejo's actions show he has been deliberately indifferent to plaintiff's medical needs, and how Montejo's actions have caused plaintiff harm.

The court will dismiss plaintiff's claim 1 and allow plaintiff to file an amended complaint to attempt to state claims against defendants Sanders, Rading, Austin, and Montejo.

**B.  Claim 2 – Data Breach**

In his second claim, plaintiff argues that defendant Matolon had plaintiff's medical records on an unencrypted laptop computer and that defendant Lewis supervised Matalon's actions and covered up the "data breach" for several months. (ECF No. 1 at 6.) Plaintiff alleges that as a result of the data breach, his release from custody was affected because false reports ended up in his records.

Plaintiff fails to state a cognizable claim because he fails to show either that his medical records were compromised or that he suffered an injury in fact as a result of any "data breach." Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish that [he has] standing to sue.'" Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818(1997)). To satisfy Article III standing, plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.

9

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).

The fact that medical records are entitled to privacy protections, under state law or under federal law, does not, itself, provide for a private right of action under § 1983. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.")).

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and actual or imminent." (Citation and internal quotation marks omitted.)).

Plaintiff appears to contend that his medical information was, in fact, on the stolen laptop. However, the exhibits supporting the complaint do not support that contention. Plaintiff's allegations are based upon a notification which states that it is unknown whether any sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown. (ECF No. 1 at 9.) In other words, whether plaintiff's sensitive information has been compromised is unknown. Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information and the even more speculative assertion that the disclosure of that information impacted his release date. Thus, his claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing.[2] See Fleck

---

[2] A number of prisoners have filed suits similar to plaintiff's based on the same notices from CCHCS. All appear to have been dismissed, without leave to amend, for lack of standing. See,

& Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

### C. Claim 3 – Loss of Property

Plaintiff alleges here that John G. Stumpf of Wells Fargo Bank authorized a Mr. Benanti to "solicit accounts for profit" from prisoners. As a result, plaintiff contends his money was stolen. (ECF No. 1 at 28.) Plaintiff fails to state a claim cognizable under § 1983 for at least two reasons. First, a suit under § 1983 may only be brought against a "person" who is "acting under color of state law." Neither Mr. Stumpf nor Wells Fargo Bank fit into that category of appropriate defendants. Second, neither negligent nor "unauthorized intentional deprivations of property gives rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1984). Plaintiff alleges only that he was deprived of his property. He does not allege that the deprivation was done pursuant to a prison policy or other form of authorization. Therefore, plaintiff has an adequate postdeprivation remedy under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). His claim based on the loss of money in a bank account is not cognizable under § 1983.

### III. Conclusion

The court finds plaintiff has failed to state any cognizable claims for relief. The court further finds that the defects in plaintiff's claims for a data breach and for the theft of money in his bank account cannot be remedied. Therefore, the court will recommend these claims be dismissed from this action without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).

////

---

e.g., Rosel v. Cal. Corr. Health Care Servs., No. 2:17-cv-0053 JAM AC P, 2017 WL 1105937 (E.D. Cal. Mar. 24, 2017) Chubbuck v. Cal. Corr. Health Care Servs., No. 2:16-cv-1325 JAM KJN P, 2016 WL 7104236 (E.D. Cal. Dec. 5, 2016); Miles v. Cal. Corr. Health Care Servs., No. 2:16-cv-1323 KJN P, 2016 WL 7104235 (E.D. Cal. Dec. 5, 2016); Wingfield v. Cal. Corr. Health Care Servs., No. 2:16-cv-2407 CKD P, 2016 WL 6493939 (E.D. Cal. Nov. 1, 2016); Fletcher v. Cal. Corr. Health Care Servs., No. 16-cv-4187-YGR (PR), 2016 WL 5394125 (N.D. Cal. Sept. 27, 2016).

11

Plaintiff's claim for deliberate indifference to his medical needs is a different matter. The court finds that plaintiff may be able to state a claim cognizable under 42 U.S.C. § 1983. Therefore, plaintiff will be given an opportunity to amend his complaint to attempt to state this claim.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Claim 1 of plaintiff's complaint is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, may result in dismissal of this case.
4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.
5. The Clerk of the Court shall assign a district judge to this case.

Further, IT IS RECOMMENDED that:

1. Plaintiff's claim 2, for a data breach, and claim 3, for loss of property, be dismissed from this action.
2. Defendants Matolon, Stumpf, Wells Fargo Bank, and Lewis be dismissed from this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 19, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/step1796.scrn

14