UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Plaintiff,

v.

E. MONTEJO, et al.,

    Defendants.

No. 2:18-cv-1796 KJM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Before the court is plaintiff's first amended complaint ("FAC") for screening. For the reasons set forth below, the court will dismiss the FAC with leave to amend.

**BACKGROUND**

Plaintiff filed his original complaint here on June 22, 2018. He alleged Eighth Amendment deliberate indifference claims. Plaintiff appeared to contend that several defendants failed to properly diagnose and treat his chronic kidney disease ("CKD"). In addition, plaintiff alleged a claim for a "data breach" and a claim for loss of property. On screening, the court first considered whether plaintiff should be permitted to proceed in forma pauperis even though he has accrued three strikes under 28 U.S.C. § 1915(g). (ECF No. 6.) The court determined that

1

plaintiff sufficiently alleged an "imminent danger of serious physical injury" and excepted him from the three strikes bar. In addition, the court dismissed plaintiff's Eighth Amendment claims with leave to amend and recommended dismissal without leave to amend of his claims for a data breach and loss of property. (ECF No. 6.) On October 10, 2018, plaintiff filed his FAC. (ECF No. 10.)

**SCREENING**

As described in the court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I.     First Amended Complaint**

Plaintiff identifies the following defendants in his FAC: Dr. E. Montejo, Dr. F. Rading, Dr. R. Sanders, CEO L.W. Austin, and Warden R. Fox. He describes conduct which has occurred starting in 2015 at the California Medical Facility ("CMF"), where he was, and continues to be, incarcerated.

Plaintiff alleges that when he arrived at CMF in May 2015, defendant Sanders failed to conduct adequate tests. When Sanders retired, defendant Rading took over plaintiff's care and also failed to conduct appropriate tests. It appears that plaintiff is referring to testing to detect CKD. At some point in 2017, Dr. Teng diagnosed plaintiff with CKD. However, Dr. Teng was then fired "for helping Plaintiff, and other prisoners with hidden Medical Issues." In 2018, plaintiff was seen by defendant Montejo. Montejo failed to treat plaintiff's CKD "based on age." Plaintiff is presently 66 years old.

2

Plaintiff states that he has to urinate frequently and his "kidney filtration-glomerular" has degenerated. He alleges that he has also had numerous stomach bacteria and, apparently, is at high risk for cancer. Plaintiff makes numerous, conclusory allegations that policies instituted by defendants Fox and Austin resulted in the lack of proper medical screening, particularly for older inmates, and in unclean water and air in the prison.

**II.     Has Plaintiff Stated Cognizable Claims for Relief?**

Plaintiff again fails to state any cognizable claims for relief. The court first addresses plaintiff's claims for deliberate indifference against defendants Sanders, Rading, and Montejo. As plaintiff was informed previously, in order to plead a claim of deliberate indifference to his serious medical needs, plaintiff must allege specific facts showing two things:

(1) A serious medical need. Plaintiff must allege facts showing that the failure to treat his medical condition could result in further injury or unnecessary pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

(2) Defendants were deliberately indifferent to that medical need. Plaintiff must provide facts showing that defendants intentionally failed to provide him appropriate care. See Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Plaintiff has shown that he has a serious medical problem – chronic kidney disease. However, plaintiff has not shown how each defendant's actions have resulted or could result in further injury or unnecessary pain. Plaintiff appears to be alleging that defendants Sanders and Rading failed to conduct appropriate tests that would have detected the CKD. However, plaintiff does not specify what those tests were or why Sanders and Rading should have known to conduct them. Nor does plaintiff show why the failure to detect his CKD in 2015 and 2016 resulted in injury to him. Finally, plaintiff fails to explain how Sanders and Rading were more than just negligent or careless. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) (Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'").

////

With respect to defendant Montejo, plaintiff appears to be alleging that Montejo is refusing to provide appropriate treatment. However, again, plaintiff does not explain what Montejo is doing and what he believes Montejo should be doing. Nor does plaintiff show that Montejo's failure to treat plaintiff appropriately may result in further injury. Finally, while plaintiff states that Montejo has made decisions regarding plaintiff's care based on plaintiff's age, plaintiff does not explain what those decisions are or why they show that Montejo is intentionally providing plaintiff with inadequate care.

With respect to plaintiff's claims against defendants Austin and Fox, plaintiff attempts to expand this case to include claims about prison conditions. Those claims do not appear to be related to plaintiff's claims regarding the detection of and treatment for his CKD. Plaintiff may not raise unrelated claims against different defendants in this action. See Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011). Therefore, any allegations regarding the water or air quality at CMF will be disregarded. If plaintiff wishes to pursue claims regarding those issues, he must file a separate suit.

Plaintiff also attempts to allege that Austin and Fox bore responsibility for the actions of the medical defendants because they instituted policies that failed to properly treat older prisoners and because they failed to properly train the medical defendants. Plaintiff has not shown there was a prison policy to provide inadequate care. Nor has plaintiff shown that these supervisory defendants were responsible for training the medical defendants and failed to do so. A prison official in a supervisory position is only liable under § 1983 if they were "personally involved in the constitutional deprivation or [if] a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." Lemire v. Cal. Dep't of Corrs. & Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013).

To allege Austin and Fox instituted a prison policy that harmed him, plaintiff must: (1) identify that policy with specificity, (2) show that Austin and Fox were directly responsible for it, (3) show that Austin and Fox knew the policy could cause plaintiff harm, and (4) show how the policy caused him harm. See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). To allege Austin and Fox failed to train the medical defendants, plaintiff must show: (1) that these

4

defendants were responsible for that training, (2) just what they did or did not do, (3) that they knew their actions could cause plaintiff harm, and (4) that their actions did cause plaintiff harm. See Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when no facts "suggest [Sheriff] provided any training to Officers...., or that he was responsible for providing formal training to any officers.").

**III. Leave to Amend**

The court will give plaintiff one, final opportunity to allege Eighth Amendment claims. Plaintiff should very carefully review the instructions set out in the court's first screening order and in this second screening order. Plaintiff should do the following in preparing his amended complaint:

- Plaintiff must use the complaint form provided with this order. He should label it "Second Amended Complaint." Plaintiff should carefully fill out the appropriate information on that complaint form.
- Plaintiff may only bring claims against more than one defendant if those claims arise out of the same events. That means plaintiff may have to choose to raise one claim against multiple defendants or to raise more than one claim against one defendant.
- To describe a claim, plaintiff must: (a) identify a person, (b) briefly, but specifically, describe what that person did or did not do, and (c) explain why that person's conduct violated plaintiff's Eighth Amendment rights.
- Plaintiff's amended complaint must contain any claim he wishes to bring in this case. Plaintiff may not refer back to filings made previously. Once an amended pleading is filed, the original pleading no longer serves any function in the case. E.D. Cal. R. 220.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 10) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint

must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, will result in a recommendation that this case be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: December 28, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/step1796.fac scrn