UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>Plaintiff,<br><br>E. MONTEJO, et al..<br><br>Defendants. | No. 2:18-cv-1796 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs. Before the court is plaintiff's second amended complaint ("SAC") for screening. For the reasons set forth below, the court finds service of the complaint appropriate on one defendant and recommends dismissal of plaintiff's claims against the other defendants.

## SCREENING

**I.  Allegations of the SAC**

Plaintiff complains of conduct that occurred at the California Medical Facility ("CMF") from 2015 to 2018. He identifies the following defendants: (1) Dr. E. Montejo; (2) Dr. F. Rading; (3) Dr. R. Sanders; (4) Dr. L.W. Austin; (5) R.W. Fox; and (6) Warden J.D. Lozano. (SAC (ECF No. 15 at 2-3).) Plaintiff's allegations are somewhat difficult to discern. As best the court can tell, the following are plaintiff's claims.

////

1

In his first claim, plaintiff states that he was diagnosed with chronic kidney disease ("CKD") in August 2017. He alleges that defendant Montejo has failed to adequately treat him with the appropriate diet and vitamins. As a result, plaintiff contends he has "Decreased Glomerular Filtration" and is at risk for complete renal failure. (ECF No. 15 at 4.)

In his second claim, plaintiff states that in 2015 defendant Sanders was "intentionally negligent" under policies created by defendant Austin when he failed to diagnose plaintiff's CKD. He similarly alleges that in 2015 and 2016, defendant Rading failed to diagnose the CKD under the same policies. He further states that defendants Fox and Lozano failed to "prevent needless Deaths here at Vacaville" from 2015 to 2018. (ECF No. 15 at 5.)

In his third claim, plaintiff contends that the drinking water at CMF is contaminated with "Triahalomethanes" and that contamination lead to, or contributed to, plaintiff's CKD and prostate disease. Plaintiff states that defendants Fox and Lozano's "policy, custom, practice" allowed plaintiff to consume this drinking water. He further states that employees were warned not to drink the water but plaintiff was not given notice of the contamination.

**II.     Does Plaintiff State Cognizable Claims?**

As explained in this court's prior screening orders, to state a claim for deliberate indifference under the Eighth Amendment, plaintiff must allege that he has a serious medical need and that defendant was deliberately indifferent to that need. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). While plaintiff's allegations are minimal, this court finds he has stated a potentially cognizable claim that defendant Montejo was deliberately indifferent to his CKD by refusing to provide certain treatment.

Plaintiff has not, however, stated potentially cognizable claims against the remaining defendants. Plaintiff states simply that defendants Sanders and Rading failed to diagnose his CKD under an unidentified "policy" of defendant Austin. Plaintiff fails to allege just why Sanders and Rading should have discovered his CKD in 2015 and 2016, how that failure amounted to deliberate indifference to plaintiff's needs, or what sort of policy instituted by Austin

resulted in Sanders' and Rading's failure to diagnose plaintiff. Because plaintiff has been provided several opportunities to allege claims against these defendants, this court finds it would be futile to permit him another chance to do so and will recommend defendants Sanders, Rading, and Austin be dismissed from this action.

With respect to defendants Fox and Lozano, plaintiff fails to show that they were aware of the water contamination or that they were aware that it could result in CKD or prostate problems. Absent statements of fact showing this knowledge, plaintiff does not state a claim for deliberate indifference to his serious medical needs based on water contamination. Further, plaintiff's allegation that these defendants are somehow responsible for deaths at CMF is baseless and is not actionable in this § 1983 case. Plaintiff may not seek relief based on injury to other prisoners. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (Pro se litigants have no authority to represent anyone other than themselves.) Again, in his third complaint here, plaintiff has failed to allege any potentially cognizable claims against defendants Fox and Lozano. Therefore, this court will recommend they be dismissed from this action as well.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service of the second amended complaint is appropriate for defendant Montejo.

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet, and a copy of the second amended complaint filed January 28, 2019.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Montejo; and

    d. Two copies of the endorsed second amended complaint filed January 28, 2019.

4. Plaintiff need not attempt service on defendant Montejo and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States

////

Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Further, IT IS RECOMMENDED that plaintiff's claims against defendants Rading, Sanders, Austin, Fox; and Lozano be dismissed from this action without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/step1796.SAC scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>        Plaintiff,<br><br>  v.<br><br>E. MONTEJO, et al.,<br><br>        Defendants. | No. 2:18-cv-1796 KJM DB P<br><br><br>NOTICE OF SUBMISSION |

    Plaintiff submits the following documents in compliance with the court's order filed _____:

    \_\_\_\_        completed summons form

    \_\_\_\_        completed USM-285 form

    \_\_\_\_        copies of the Second Amended Complaint

DATED:

                                      _____
                                      Plaintiff