1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JIMMIE STEPHEN,                              No. 2:18-cv-1796 KJM DB P

12                   Plaintiff,

13        v.                                      ORDER

14   E. MONTEJO, et al.,

15                   Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

18   appointment of counsel.  Plaintiff states that he requires counsel due to the complexity of the

19   issues in this case and the fact that he is a "layman of the law."

20        The United States Supreme Court has ruled that district courts lack authority to require

21   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

22   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

24   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25        The test for exceptional circumstances requires the court to evaluate the plaintiff's

26   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

27   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

28   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 18) is denied without prejudice.

Dated: March 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/step1796.31