USN-E
SACRAMENTS Calef      "SenD freesheet"

**FILED**                    filed..

MAR 0 2 2020      Clerk:    AmendeD #3    CU-18-01796-KJm-DB

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
     DEPUTY CLERK

As to "AMENDing Complaint" under FRCP 15
It is "#3 Not "AMENDED #4" As ERROR on SAID
motion.. Submitted. filed 2-6-20, with Defendants 1-3..
"Bounds v Smith" 430, US, 817 (1977) ACCESS.

TRUE    AGAINST fraud or PERjury

DATE 2-20-20                          Cam Sh

JIMMIE STEPHEN c 56483
P.O. Box 2500 - CMF-N-137
VACAVILLE CALIFORNIA 95696

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

**Eastern** District of CALIFORNIA

#1

| | |
|---|---|
| JIMMIE STEPHENS C#56483 | ) |
| *Plaintiff* | ) |
| v. | ) |
| E. Montero | ) |
| *Defendant* | ) |

Civil Action No. CU-18-01796-KJM-DB A

(If the action is pending in another district, state where:

USAC-Eastern

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: DR. CHUNGJAN "TENG"
841 Sterling Hwy #110
Lincoln California 95648-7324

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment for Details Based on Medical Records You Diagnosed, Plaintiff RE: JIMMIE STEPHENS DOB:07/18/52 with "CKD" on "CHRONIC KIDNEY DISEASE" As Need Confirmation of Diagnosis dated 2-9-18. As disputed by DR. Montero at 1-27-20..

| Place: Vacaville State Prison CMF | Date and Time. |
|---|---|
| 1600 California Dr | |
| Vacaville California 95696 | 14 DAYS After Service.. |
| *Appearance Not Required. Send All Materials to This Address.* | |
| ¢o Jimmie Stephen C56483 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

AC88B5US0901

Case 2:18-cv-01796-KJM-DB   Document 67   Filed 03/02/20   Page 3 of 25

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attoney's fees - on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel move than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45 (c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must orgainize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit # 1..

① Medical Records Showing "CORR"
Abnormal."Kidneys.."

② Confirmation Code Numbers of 1) R
"TENG" As to "CKD" on Plaintiff Stephen...

③ Authorization "Releasing Confidential"
Records to "Dr TENG"..

3

**CMF - California Medical Facility**

Patient: **STEPHEN, JIMMIE EARL**
DOB/Age/Sex: 7/18/1952  / 66 years  / Male          CDCR: C56483

| *Chemistry* |
|---|

### Routine Chemistry

| Specimen Type | Accession Number | Collected Date/Time | Ordering Provider | Received Date/Time |
|---|---|---|---|---|
| Blood | 18-306-2421 | 11/2/2018 09:17 PDT | Montejo,Eusebio P&S | 11/2/2018 23:38 PDT |

| Procedure | Result | Units | Reference Range | Verified Date/Time | Verified By |
|---|---|---|---|---|---|
| Albumin Lvl | 4.1 [f] | gm/dL | [3.6-5.1] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| Total Protein | 6.6 [f] | gm/dL | [6.1-8.1] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| Alk Phos | 75 [f] | unit/L | [40-115] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| AST | 17 [f] | unit/L | [10-35] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| ALT | 10 [f] | unit/L | [9-46] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| Bili Total | 0.8 [f] | mg/dL | [0.2-1.2] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| Globulin Lvl | 2.5 [f] | g/dL (calc) | [1.9-3.7] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| Alb/Glob Ratio | 1.6 [f] | (calc) | [1.0-2.5] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| GFR non-AA | 65 [f] | mL/min/1.73m2 | [> OR = 60] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| GFR AA | 75 [f] | mL/min/1.73m2 | [> OR = 60] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| BUN/Creat Ratio | NOT APPLICABLE [f] | (calc) | [6-22] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |
| Urea Nitrogen | 12 [f] | mg/dL | [7-25] | 11/3/2018 03:45 PDT | QUEST CONTRIBUTOR_ SYSTEM |

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:   13329332                              Print Date/Time:   12/7/2018 14:01 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

CMF - California Medical Facility

Patient: **STEPHEN, JIMMIE EARL**
DOB/Age/Sex: 7/18/1952 / 66 years / Male     CDCR: C56483

---

## *Assessment Forms*

*Skin Color :* Intact, no abnormalities
*Mucous Membrane Color :* Pink
*Mucous Membrane Description :* Moist

Ndame, Vivian RN - 3/27/2019 11:30 PDT

**Diagnosis/Problem**

(As Of: 3/27/2019 11:45:09 PDT)

Problems(Active)

| | |
|---|---|
| Allergic rhinitis (SNOMED CT :102311013 ) | *Name of Problem:* Allergic rhinitis ; *Recorder:* Montejo, Eusebio P&S; *Confirmation:* Confirmed ; *Classification:* Medical ; *Code:* 102311013 ; *Contributor System:* PowerChart ; *Last Updated:* 11/26/2018 09:07 PST ; *Life Cycle Status:* Active ; *Ranking:* Tertiary ; *Responsible Provider:* Montejo, Eusebio P&S; *Vocabulary:* SNOMED CT |
| BPH with obstruction/lower urinary tract symptoms (SNOMED CT :2470105014 ) | *Name of Problem:* BPH with obstruction/lower urinary tract symptoms ; *Recorder:* Montejo, Eusebio P&S; *Confirmation:* Confirmed ; *Classification:* Medical ; *Code:* 2470105014 ; *Contributor System:* PowerChart ; *Last Updated:* 11/26/2018 09:08 PST ; *Life Cycle Date:* 11/26/18 ; *Life Cycle Status:* Active ; *Ranking:* Primary ; *Responsible Provider:* Montejo, Eusebio P&S; *Vocabulary:* SNOMED CT |
| CKD (chronic kidney disease) (SNOMED CT :3037959015 ) | *Name of Problem:* CKD (chronic kidney disease) ; *Recorder:* Teng, Chunwen P&S; *Confirmation:* Confirmed ; *Classification:* Medical ; *Code:* 3037959015 ; *Contributor System:* PowerChart ; *Last Updated:* 11/26/2018 09:06 PST ; *Life Cycle Date:* 02/09/18 ; *Life Cycle Status:* Active ; *Ranking:* Primary ; *Responsible Provider:* Teng, Chunwen P&S; *Vocabulary:* SNOMED CT |
| Constipation (SNOMED CT :195645015 ) | *Name of Problem:* Constipation ; *Recorder:* Montejo, Eusebio P&S; *Confirmation:* Confirmed ; *Classification:* Medical ; *Code:* 195645015 ; *Contributor System:* PowerChart ; *Last Updated:* 11/26/2018 09:07 PST ; *Life Cycle Status:* Active ; *Ranking:* Tertiary ; *Responsible Provider:* Montejo, Eusebio P&S; *Vocabulary:* SNOMED CT |
| Dyslipidemia (SNOMED CT :1209706018 ) | *Name of Problem:* Dyslipidemia ; *Recorder:* Teng, Chunwen P&S; *Confirmation:* Confirmed ; *Classification:* Medical ; *Code:* 1209706018 ; *Contributor System:* PowerChart ; *Last Updated:* 11/26/2018 09:07 PST ; *Life Cycle Date:* 02/09/18 ; *Life Cycle Status:* Active ; *Ranking:* Primary ; *Responsible Provider:* Teng, Chunwen P&S; *Vocabulary:* SNOMED CT |
| Dysplastic colon polyp (SNOMED CT | *Name of Problem:* Dysplastic colon polyp ; *Recorder:* Montejo, Eusebio P&S; *Confirmation:* Confirmed ; |

---

Report Request ID:   16878785

Print Date/Time:   4/13/2019 11:59 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

# MEDICAL BOARD OF CALIFORNIA
## ENFORCEMENT PROGRAM
2005 Evergreen Street, Suite 1200, Sacramento, CA 95815



## AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

| Patient Name JIMMIE STEPHEN C56483 | Date of Birth 7-18-52 |
|---|---|
| Medical Record Number (If applicable) | Date of Death (If applicable) |
| Control Number | Social Security No. (Optional) |

**I, the undersigned hereby authorize:**

Physician/Facility DR. CHUWAN "TENG"

Address 841 Stelling Hwy #110

City/State/Zip Code Lincoln California 95648-7324

Phone Number(s)

Treatment Date(s) 2015 to 2020

to disclose medical records in the course of my diagnosis and treatment to the **Medical Board of California, Enforcement Program,** a healthcare oversight agency. This disclosure of records authorized herein is required for official use, including investigation and possible administrative proceedings regarding any violations of the laws of the State of California. This authorization shall remain valid for three years from the date of signature. **A copy of this authorization shall be as valid as the original.** I understand that I have a right to receive a copy of this authorization if requested by me. I understand that I have the right to revoke this authorization by sending written notification to the Medical Board of California at the above address. My written revocation will be effective upon receipt by the Medical Board of California but will not be effective to the extent that such persons have acted in reliance upon this Authorization. I understand that the recipient of my information is not a health plan or health care provider and the released information may no longer be protected by federal privacy regulations.

| Patient Signature _Jimmie Stephen_ C56483 | Date 2-20-20 |
|---|---|
| or Legal Representative | Date |
| | Relationship |

**NOTE:** Failure by a physician, podiatrist or health care provider to provide the requested records within 15 days, or a health care facility in 30 days, of receipt of this request and authorization may constitute a violation of Section 2225.5 of the Medical Practice Act and may result in further action by the Board. This release is compliant with the requirements of HIPAA and Civil Code Section 56.11.

ORIGINAL PAGES #1-17

Case 2:18-cv-01796-KJM-DB Document 67 Filed 03/02/20 Page 8 of 25
AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

#2

for the

**E. EASTERN** District of CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHENS C#56483 | ) |
| _Plaintiff_ | ) |
| v. | ) |
| "E. MONTETO" | ) |
| _Defendant_ | ) |

Civil Action No. CU-18-01796 KJM-DB

(If the action is pending in another district, state where:)

USDC EASTERN

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ATTORNEY. GENERAL JIM "GASCON"
1300 "I" STREET #125
SACRAMENTO CALIFORNIA 94244-2550

☑ _Production:_ YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying. testing, or sampling of the material: **See Attachment for Details** AS to 1-27-20 findings, As to Plaintiff Has NO "KIDNEY"

RE: JIMMIE STEPHENS DOB:07/18/52 "DISEASE", AS TAKEN from "MENTAL files by "MONTETO".. As REQUEST All "SPECIMIST Report" Tests, ORDER for Conclusion..

| Place: VACAVILLE State PRISON- CMF | Date and Time: |
|---|---|
| 1600 CALIFORNIA Dr. | 14 DAYS After SERVICE.. |
| VACAVILLE CALIFORNIA 95696 | |
| _Appearance Not Required, Send All Materials to This Address._ | |
| C/O JIMMIE STEPHEN C56483 | |

☐ _Inspection of Premises:_ YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____
_____, who issues or requests this subpoena, are:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attoney's fees - on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45 (c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must orgainize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit # 1..

Copy of forma-Pauperis for "Marshal's Service on Defendants Attorney" Gascon".

3

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JIMMIE STEPHEN,                    No. 2:18-cv-1796 DB P

12            Plaintiff,

13      v.                             ORDER AND FINDINGS AND
                                       RECOMMENDATIONS
14   E. MONTEJO, et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Before the court is plaintiff's complaint for screening and his motion to proceed

19   in forma pauperis.  For the reasons set forth below, this court will grant plaintiff's motion to

20   proceed in forma pauperis, dismiss claim 1 with leave to amend, and recommend dismissal of

21   claims 2 and 3 without leave to amend.

22                    **IN FORMA PAUPERIS STATUTE**

23   **I.     Legal Standards**

24        The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

25   the commencement and prosecution of any suit without prepayment of fees by a person who

26   submits an affidavit indicating that the person is unable to pay such fees.  However,

27              [i]n no event shall a prisoner bring a civil action or appeal a judgment
             in a civil action or proceeding under this section if the prisoner has,
28             on 3 or more prior occasions, while incarcerated or detained in any

1

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II.    Has Plaintiff Accrued Three Strikes?

Court records indicate that plaintiff has been deemed a "Three Strikes" inmate under 28 U.S.C. § 1915(g). Stephen v. Zhang, No. 2:12-cv-630 GGH P (E.D. Cal. Apr. 19, 2012). The court takes judicial notice of the six cases identified therein as § 1915(g) strikes, all of which were dismissed for frivolousness or failure to state a claim. See also Stephen v. Fox, No. 2:16-cv-2574 CKD (E.D. Cal. Jan. 26, 2017); Stephen v. Hernandez, No. 08cv0750 BEN (BLM), 2008 WL 2540708 * 2 (S.D. Cal. June 20, 2008).

## III.    Is Plaintiff in Imminent Danger of Serious Physical Injury?

Because plaintiff has accrued three strikes, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or

2

1   hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact

2   allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

3   likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.

4   2003).  "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado,

5   157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available

6   "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."

7   Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

8          Courts need "not make an overly detailed inquiry into whether the allegations qualify for

9   the exception." Id. at 1055; see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003)

10  ("[Section] 1915(g) is not a vehicle for determining the merits of a claim.... [T]o fine-tune what is

11  'serious enough' to qualify for the exception ... would result in a complicated set of rules about

12  what conditions are serious enough, all for a simple statutory provision governing when a

13  prisoner must pay the filing fee for his claim. This is not required...."). Rather, the court should

14  liberally construe the pro se plaintiff's allegations to determine whether he has a plausible claim

15  of imminent danger.

16         The court has reviewed plaintiff's complaint filed June 22, 2018.  (ECF No. 1.)  Plaintiff

17  makes three claims. First, he alleges he was diagnosed with chronic kidney disease in 2017 but

18  defendant Montejo has failed to treat it.  He also contends defendants Sanders and Rading failed

19  to diagnose the kidney disease previously.  Plaintiff states that he has trouble with urination and

20  alleges he requires hemodialysis. (Id. at 4-5.)  Second, plaintiff alleges a data breach of his

21  medical records in 2016 by defendant Matolon. (Id. at 6.)  Third, he alleges a loss of property

22  against defendant Wells Fargo Bank. (Id. at 28.)  As relief, plaintiff seeks unspecified "injunctive

23  relief" and compensatory and punitive damages. (Id. at 64.)

24         Whether or not plaintiff has adequately alleged "imminent danger" is a close question.

25  Denial of medical treatment "may result in a pending imminent danger of serious physical injury

26  within the meaning of 28 U.S.C. § 1915(g)." Freeman v. Collins, No. 2:08-cv-0071, 2011 WL

27  1397594 (S.D. Ohio Apr. 12, 2011) (citing numerous courts of appeals' cases), op. adopted, 2011

28  WL 6339687 (S.D. Ohio Dec. 19, 2011).  Because this court liberally construes plaintiff's

1  complaint of problems with urination, the need for hemodialysis, and the potentially dire

2  consequences if plaintiff does not receive dialysis, this court finds plaintiff has established an

3  "imminent danger of serious physical injury" and qualifies for the exception to § 1915(g).

4  Therefore, plaintiff will not be required to pay the full filing fee up front to proceed with this

5  action.[1]  28 U.S.C. §§ 1914(a), 1915(b)(1).

6       By this order, plaintiff will be assessed an initial partial filing fee in accordance with the

7  provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

8  agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

9  Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent

10  of the preceding month's income credited to plaintiff's prison trust account.  These payments will

11  be forwarded by the appropriate agency to the Clerk of the Court each time the amount in

12  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

13  **SCREENING**

14  **I.**    **Legal Standards**

15       The court is required to screen complaints brought by prisoners seeking relief against a

16  governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

17  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

18  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

19  granted, or that seek monetary relief from a defendant who is immune from such relief. See 28

20  U.S.C. § 1915A(b)(1) & (2).

21       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

22  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

23  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

24  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

25  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

26

27  [1] While the court finds plaintiff meets the imminent danger exception for just one of his claims, the Ninth Circuit has held that he may proceed with his entire action. Andrews, 493 F.3d at 1052 (Qualifying prisoners can file their entire complaint [in forma pauperis]; the exception does not

28  operate on a claim-by-claim basis or apply to only certain types of relief.").

4

1  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

2  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

3  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

4  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

5  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

6        However, in order to survive dismissal for failure to state a claim a complaint must

7  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

8  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

9  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

10  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

11  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

12  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13        The Civil Rights Act under which this action was filed provides as follows:

14          Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
15          of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
16          or other proper proceeding for redress.

17  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

18  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

19  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

20  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

21  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

22  omits to perform an act which he is legally required to do that causes the deprivation of which

23  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

24  **II.     Has Plaintiff Stated Cognizable Claims for Relief?**

25        Plaintiff is incarcerated at the California Medical Facility.  He identifies the following

26  defendants:  Dr. E. Montejo, Dr. D. Matolon, J.G. Stumpf, Wells Fargo Bank, Dr. R. Sanders, Dr.

27  F. Rading, L.W. Austin, and J. Lewis.  (ECF No. 1 at 1-3.)  As described above, he alleges three

28  ////

1    claims: for deliberate indifference to his medical needs, for release of his confidential medical

2    records, and for theft of his property. Each is addressed below.

3            **A.   Claim 1 - Eighth Amendment Deliberate Indifference**

4               **1.   Legal Standards**

5         The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment

6    prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v.

7    Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither

8    accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and

9    wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by

10    the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

11         What is needed to show unnecessary and wanton infliction of pain "varies according to

12    the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475

13    U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner

14    must allege and prove that objectively he suffered a sufficiently serious deprivation and that

15    subjectively prison officials acted with deliberate indifference in allowing or causing the

16    deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

17         If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner

18    must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference

19    to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has

20    two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

21    response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

22    other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

23         A medical need is serious "if the failure to treat the prisoner's condition could result in

24    further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974

25    F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include

26    "the presence of a medical condition that significantly affects an individual's daily activities." Id.

27    at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the

28    ////

1    objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S.

2    825, 834 (1994).

3        If a prisoner establishes the existence of a serious medical need, he must then show that

4    prison officials responded to the serious medical need with deliberate indifference. See Farmer,

5    511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny,

6    delay, or intentionally interfere with medical treatment, or may be shown by the way in which

7    prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

8    Cir. 1988).

9        Before it can be said that a prisoner's civil rights have been abridged with regard to

10   medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,'

11   'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter

12   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

13   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

14   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

15   Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of

16   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

17   the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

18       Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.

19   at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a

20   plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th

21   Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

22   Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

23   200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

24   1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would

25   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

26   his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

27       Finally, mere differences of opinion between a prisoner and prison medical staff or

28   between medical professionals as to the proper course of treatment for a medical condition do not

7

1  give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

2  332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

3  F.2d 1337, 1344 (9th Cir. 1981).

4  **2.  Does Plaintiff State a Claim for Deliberate Indifference?**

5  In his first claim, plaintiff alleges that in August 2017, a Dr. Tang diagnosed him with

6  chronic kidney disease ("CKD").  He contends that defendants Sanders and Rading failed to

7  diagnose or treat that disease when he initially arrived at CMF in 2015. (ECF No. 1 at 4-5.)  He

8  also appears to allege that defendant "CEO Austin" had a policy that caused him harm.  (Id. at 5.)

9  Plaintiff alleges that defendant Montejo has refused to treat him, apparently based on the fact

10  plaintiff is taking high blood pressure medication.

11  Plaintiff's allegations against defendants Sanders and Rading are insufficient.  He does not

12  show that those defendants should have, but willfully failed to, diagnose his CKD.  Plaintiff must

13  show more than that Sanders and Rading were negligent.  He must show what they knew, why

14  they should have known plaintiff suffered from CKD, and why their actions show they were

15  deliberately indifferent to plaintiff's serious medical needs.  In addition, plaintiff must show how

16  he was harmed by the failure to diagnose his CKD earlier.  Plaintiff will be given an opportunity

17  to file an amended complaint to attempt to state a claim for deliberate indifference against

18  Sanders and Rading.

19  With respect to defendant Austin, plaintiff's allegations are vague.  It is unclear just what

20  plaintiff is alleging Austin did that caused him harm.  Plaintiff is advised that supervisory

21  personnel are generally not liable under § 1983 for the actions of their employees under a theory

22  of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

23  causal link between him and the claimed constitutional violation must be specifically alleged.

24  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

25  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

26  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266,

27  268 (9th Cir. 1982).  If plaintiff is claiming Austin personally instituted a policy that caused him

28  ////

1   harm, he must explain Austin's involvement in developing or carrying out that policy, what that

2   policy is, and how that policy caused him harm.

3        Plaintiff's allegations against defendant Montejo are that he is failing to treat plaintiff's

4   CKD.  Plaintiff also appears to be alleging Montejo has failed to order tests to determine what

5   sort of CKD plaintiff is suffering from.  The court requires more information about what Montejo

6   has done, or not done, that caused plaintiff harm.  Plaintiff should clearly state what Montejo

7   knew about plaintiff's CKD, what Montejo has done about the CKD diagnosis, why Montejo's

8   actions show he has been deliberately indifferent to plaintiff's medical needs, and how Montejo's

9   actions have caused plaintiff harm.

10       The court will dismiss plaintiff's claim 1 and allow plaintiff to file an amended complaint

11  to attempt to state claims against defendants Sanders, Rading, Austin, and Montejo.

12       **B.  Claim 2 – Data Breach**

13       In his second claim, plaintiff argues that defendant Matolon had plaintiff's medical

14  records on an unencrypted laptop computer and that defendant Lewis supervised Matalon's

15  actions and covered up the "data breach" for several months.  (ECF No. 1 at 6.)  Plaintiff alleges

16  that as a result of the data breach, his release from custody was affected because false reports

17  ended up in his records.

18       Plaintiff fails to state a cognizable claim because he fails to show either that his medical

19  records were compromised or that he suffered an injury in fact as a result of any "data breach."

20  Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and

21  "Controversies."  U.S. Const. art. III, § 2.  "'One element of the case-or-controversy requirement'

22  is that plaintiff [ ] 'must establish that [he has] standing to sue.'"  Clapper v. Amnesty Int'l USA,

23  133 S. Ct. 1138, 1146 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818(1997)).  To satisfy

24  Article III standing, plaintiff must have suffered an injury in fact—an invasion of a legally

25  protected interest which is (a) concrete and particularized, and (b) actual or imminent, not

26  conjectural or hypothetical.  Second, there must be a causal connection between the injury and the

27  conduct complained of—the injury has to be fairly traceable to the challenged action of the

28  defendant, and not the result of the independent action of some third party not before the court.

1   <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation
2   marks, brackets and ellipses omitted).

3          The fact that medical records are entitled to privacy protections, under state law or under
4   federal law, does not, itself, provide for a private right of action under § 1983. <u>Webb v. Smart</u>
5   <u>Document Solutions, LLC</u>, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of
6   Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to
7   be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court
8   action.")).

9          While potential future harm can in some instances confer standing, plaintiff must face "a
10  credible threat of harm" that is "both real and immediate, not conjectural or hypothetical."
11  <u>Krottner v. Starbucks Corp.</u>, 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation
12  marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to
13  contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to
14  confer standing, but that "more conjectural or hypothetical" allegations would make threat "far
15  less credible"); <u>Clapper</u>, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and
16  actual or imminent." (Citation and internal quotation marks omitted.)).

17         Plaintiff appears to contend that his medical information was, in fact, on the stolen laptop.
18  However, the exhibits supporting the complaint do not support that contention. Plaintiff's
19  allegations are based upon a notification which states that it is unknown whether any sensitive
20  information is contained in the laptop and that even if there is sensitive information in the laptop,
21  the scope of the information, including whether any of plaintiff's information is contained therein,
22  is unknown. (ECF No. 1 at 9.) In other words, whether plaintiff's sensitive information has been
23  compromised is unknown. Plaintiff cannot state a claim for relief based upon the speculative
24  breach of his sensitive information and the even more speculative assertion that the disclosure of
25  that information impacted his release date. Thus, his claim for violation of his constitutional right
26  to informational privacy should be dismissed without prejudice for lack of standing.[2] <u>See Fleck</u>

27  _____

28  [2] A number of prisoners have filed suits similar to plaintiff's based on the same notices from
    CCHCS. All appear to have been dismissed, without leave to amend, for lack of standing. <u>See,</u>

                                                  10

1    & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of

2    standing is without prejudice).

3    **C.   Claim 3 – Loss of Property**

4    Plaintiff alleges here that John G. Stumpf of Wells Fargo Bank authorized a Mr. Benanti

5    to "solicit accounts for profit" from prisoners.  As a result, plaintiff contends his money was

6    stolen.  (ECF No. 1 at 28.)  Plaintiff fails to state a claim cognizable under § 1983 for at least two

7    reasons.  First, a suit under § 1983 may only be brought against a "person" who is "acting under

8    color of state law."  Neither Mr. Stumpf nor Wells Fargo Bank fit into that category of

9    appropriate defendants.  Second, neither negligent nor "unauthorized intentional deprivations of

10   property gives rise to a violation of the Due Process Clause if the state provides an adequate post-

11   deprivation remedy."  Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1984).  Plaintiff alleges only

12   that he was deprived of his property.  He does not allege that the deprivation was done pursuant to

13   a prison policy or other form of authorization.  Therefore, plaintiff has an adequate

14   postdeprivation remedy under California law.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.

15   1994) (citing Cal. Gov't Code §§ 810–95).  His claim based on the loss of money in a bank

16   account is not cognizable under § 1983.

17   **III.   Conclusion**

18   The court finds plaintiff has failed to state any cognizable claims for relief.  The court

19   further finds that the defects in plaintiff's claims for a data breach and for the theft of money in

20   his bank account cannot be remedied.  Therefore, the court will recommend these claims be

21   dismissed from this action without leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126-30

22   (9th Cir. 2000) (en banc).

23   ////

24   _____

25   e.g., Rosel v. Cal. Corr. Health Care Servs., No. 2:17-cv-0053 JAM AC P, 2017 WL 1105937
     (E.D. Cal. Mar. 24, 2017) Chubbuck v. Cal. Corr. Health Care Servs., No. 2:16-cv-1325 JAM

26   KJN P, 2016 WL 7104236 (E.D. Cal. Dec. 5, 2016); Miles v. Cal. Corr. Health Care Servs., No.
     2:16-cv-1323 KJN P, 2016 WL 7104235 (E.D. Cal. Dec. 5, 2016); Wingfield v. Cal. Corr. Health

27   Care Servs., No. 2:16-cv-2407 CKD P, 2016 WL 6493939 (E.D. Cal. Nov. 1, 2016); Fletcher v.
     Cal. Corr. Health Care Servs., No. 16-cv-4187-YGR (PR), 2016 WL 5394125 (N.D. Cal. Sept.

28   27, 2016).

1    Plaintiff's claim for deliberate indifference to his medical needs is a different matter.  The

2    court finds that plaintiff may be able to state a claim cognizable under 42 U.S.C. § 1983.

3    Therefore, plaintiff will be given an opportunity to amend his complaint to attempt to state this

4    claim.

5    Plaintiff is advised that in an amended complaint he must clearly identify each defendant

6    and the action that defendant took that violated his constitutional rights.  The court is not required

7    to review exhibits to determine what plaintiff's charging allegations are as to each named

8    defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The

9    charging allegations must be set forth in the amended complaint so defendants have fair notice of

10   the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in

11   support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See

12   Fed. R. Civ. P. 8(a).

13   Any amended complaint must show the federal court has jurisdiction, the action is brought

14   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

15   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

16   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

17   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

18   of a constitutional right if he does an act, participates in another's act or omits to perform an act

19   he is legally required to do that causes the alleged deprivation).

20   In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

21   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

22   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

23   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

24   The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

25   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

26   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

27   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

28   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

12

1 N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

2 which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

3     An amended complaint must be complete in itself without reference to any prior pleading.

4 E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

5     By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

6 has evidentiary support for his allegations, and for violation of this rule the court may impose

7 sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

8     Accordingly, IT IS HEREBY ORDERED as follows:

9     1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

10     2. Claim 1 of plaintiff's complaint is dismissed with leave to amend.

11     3. Plaintiff is granted thirty days from the date of service of this order to file an amended

12     complaint that complies with the requirements of the Civil Rights Act, the Federal

13     Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint

14     must bear the docket number assigned this case and must be labeled "First Amended

15     Complaint." Plaintiff's failure to file an amended complaint within the time provided,

16     or otherwise respond to this order, may result in dismissal of this case.

17     4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

18     form used in this district.

19     5. The Clerk of the Court shall assign a district judge to this case.

20     Further, IT IS RECOMMENDED that:

21     1. Plaintiff's claim 2, for a data breach, and claim 3, for loss of property, be dismissed

22     from this action.

23     2. Defendants Matolon, Stumpf, Wells Fargo Bank, and Lewis be dismissed from this

24     action.

25     These findings and recommendations will be submitted to the United States District Judge

26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days

27 after being served with these findings and recommendations, plaintiff may file written objections

28 with the court. The document should be captioned "Objections to Magistrate Judge's Findings

13

1    and Recommendations." Plaintiff is advised that failure to file objections within the specified

2    time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951

3    F.2d 1153 (9th Cir. 1991).

4    Dated: September 19, 2018

5

6

7                                                        DEBORAH BARNES
                                                         UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14   DLB:9
     DLB1/prisoner-civil rights/step1796.scrn
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    14

Case Name: _Steffen J Montero_

Case Number: _CU-18-01796-KJM-DB_

Court: _USDC-Eastern_

# PROOF OF SERVICE BY MAIL

I, _Khalid Qadir_ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _2-20-20_ I served the attached: a true copy of the attached:

2- Subpeona's

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

USDC-E & Marshal's ser.
501 "I" Street #4-200
Sacramento California 95814

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on _2-20-20_ at the California Medical Facility, Vacaville, California.

_Khalid Qadir_
**Declarant**

22

_Khalid Qadir_
**Declarant's Signature**