UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

Plaintiff,

v.

E. MONTEJO,

Defendant.

No. 2:18-cv-1796 KJM DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Before the court are plaintiff's motions to amend the second amended complaint, for preliminary injunctive relief, and for sanctions. For the reasons set forth below, this court will grant plaintiff's motion to amend and deny his motion for sanctions. In addition, this court will recommend plaintiff's claims against defendants Shute and Dhillon in the third amended complaint be dismissed and his motion for preliminary injunctive relief be denied.

**BACKGROUND**

Plaintiff is an inmate at the California Medical Facility ("CMF"). He filed this action on June 22, 2018. This court initially found plaintiff failed to state any cognizable claims for relief. After plaintiff was given opportunities to file amended complaints, on February 26, 2019, this

1

court found plaintiff stated one cognizable claim in his second amended complaint ("SAC") for an Eighth Amendment violation against defendant Montejo. (See ECF No. 17.) Plaintiff alleged Montejo failed to properly treat his chronic kidney disease, resulting in an increased risk of renal failure.

The parties participated in two settlement conferences through the court's Alternative Dispute Resolution Program. When the case did not settle, on February 3, 2020, this court ordered defendant Montejo to file an answer and recommended that a motion for preliminary injunctive relief be denied. (ECF No. 59.) Shortly thereafter, plaintiff filed a motion to amend the SAC. Plaintiff seeks to add claims regarding the diagnosis of, and treatment for, prostate cancer. (ECF No. 60, 61.) He also filed motions "for a court order for emergency treatment," for sanctions, and for a stay of this court's February 3, 2020 order. (ECF Nos. 62-64.) On February 14, this court vacated the deadlines set out in the February 3 order and ordered defendant to respond to plaintiff's motions to amend and for an injunction. (ECF No. 65.) Defendant filed oppositions to plaintiff's motion for sanctions (ECF No. 66), to plaintiff's motion to amend[1] (ECF No. 68), and to plaintiff's motion for an injunction (ECF No. 69). Plaintiff filed a reply. (ECF No. 70.)

**MOTION TO AMEND**

Plaintiff moves to amend the SAC to add claims and defendants regarding the detection of, and treatment for, his prostate cancer. (ECF Nos. 60, 61.) In his proposed third amended complaint ("TAC"), plaintiff repeats his prior allegation about defendant Montejo's treatment of his chronic kidney disease. He adds new allegations that in October 2018, Montejo refused to order further testing for prostate cancer after an examination of plaintiff showed an enlarged prostate and a high prostate-specific antigen ("PSA"), that had increased substantially in a year. Plaintiff contends that earlier treatment could have lowered his PSA.

////

---

[1] After the court noticed it was missing from defendant's filings, defendant filed a Request for Judicial Notice on March 30, 2020. (See ECF Nos. 72, 73.) This court recognizes that defendant's filing was belated due to inadvertence and it will be considered herein.

Plaintiff seeks to add two new defendants to this case: Doctors M. Shute and B. Dhillon. A review of plaintiff's TAC and the attachments thereto indicates the following. Plaintiff saw defendant Shute in October 2019. Shute ordered a prostate biopsy, which came back positive for prostate cancer. Plaintiff then saw non-defendant Dr. Liu in November 2019. Dr. Liu determined that plaintiff needed a bone scan before he could determine the best treatment for the prostate cancer. After plaintiff had that scan, Dr. Liu determined that radiation would be the best treatment. Plaintiff then saw Shute on December 26, 2019. Shute's notes reflect that plaintiff needed a referral for "Radiation oncology intervention."

Plaintiff alleges that Shute "abandoned" him and he was assigned defendant Dhillon as his primary care physician ("PCP"). Plaintiff states that Shute was only his PCP for about 6 months.

Plaintiff alleges Dhillon failed to order a timely colonoscopy, does not speak English well, and is "incompetent." He also alleges that Dhillon has failed to "treat" or "research" treatment for his cancer. Finally, plaintiff appears to be alleging that defendants Shute and Dhillon have failed to complete paperwork that would permit plaintiff to get outside cancer treatment.

**I. Legal Standards for Amending Pleadings**

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987)). However, the Supreme Court has stated that a court may decline to grant leave for reasons that are apparent and stated on the record. Foman v. Davis, 371 U.S. 178, 182 (1962). Further, the court has "particularly broad" discretion where plaintiff has been granted leave to amend in the past. Chodos v. West Publ'g Co., Inc., 292 F.3d 992, 1003 (9th Cir. 2002) (citing Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999)).

The Ninth Circuit interpreted the decision in Foman as identifying "four factors relevant to whether a motion for leave to amend the pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). The factors do not carry equal weight. "[D]elay alone

no matter how lengthy is an insufficient ground for denial of leave to amend." Id. "Prejudice to the opposing party is the most important factor." Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Futility of an amendment can, standing alone, justify denial of a request to file an amended pleading. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amendment is futile if it presents no set of facts that would, even if proven, constitute a valid claim. See Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The standard for assessing whether a proposed amendment is futile is therefore the same as the standard imposed under Federal Rule of Civil Procedure 12(b)(6). Id. In that analysis, the court reviews the complaint for "facial plausibility." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Finally, any motion to amend the complaint must attach a copy of the amended complaint. E.D. Cal. R. 137(c). That amended complaint must explain the new claims by (a) identifying a person, (b) briefly describing what that person did or did not do, and (c) explaining why that person's conduct violated plaintiff's constitutional rights.

**II. Legal Standards for Joinder of New Claims and Defendants**

Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

////

4

Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

**III. Request for Judicial Notice**

Defendant asks the court to take judicial notice of publications by the U.S. Department of Health and Human Service's National Cancer Institute ("NCI"). (ECF No. 72.) Facts that defendant seeks the court to judicially notice include basic anatomy of the prostate, definitions of prostate-related medical terms, such as the prostate-specific antigen (PSA), and the likelihood that an elevated PSA indicates the presence of prostate cancer. Defendant also asks the court to accept as a "fact" the statement that "[d]octors often use a PSA value of 4 or higher when determining whether further tests, such as a prostate biopsy, are needed to check for prostate cancer." (ECF No. 72 at 3.)

**A. Legal Standards for Judicial Notice**

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While courts often take notice of matters of public record, they "can only take judicial notice of the existence of those matters of public record . . . but not of the veracity of the arguments and disputed facts contained therein." United States v. So. Cal. Edison Co., 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004).

**B. Analysis of Request for Judicial Notice**

Defendant cites one case for the proposition that this court may take judicial notice of medical facts. In Lolli v. County of Orange, 351 F.3d 410 (9th Cir. 2003), the Ninth Circuit took judicial notice of the facts that diabetes is a serious medical condition that, if left untreated, can produce harmful consequences. These are general medical facts that are not subject to reasonable dispute. Similarly, in the present case, this court can take judicial notice of facts describing the anatomy and function of the prostate and defining medical terms.

////

1 | This court cannot, however, take judicial notice of statements made in the NCI publications regarding typical diagnostic practices and treatment for prostate cancer. For example, defendant appears to be arguing that it is undisputed that Dr. Montejo did not demonstrate deliberate indifference to plaintiff's health when he refused to order further testing of plaintiff's prostate. Defendant states:

> Stephen's PSA levels fell beneath the range (PSA 4) generally accepted as signaling a need for further testing, and he had multiple factors known to increase PSA. (Proposed TAC 11–12, 15, ECF No. 61 (noting African American heritage, 65 years old, and BPH diagnosis); (RJN at Nos. 7 (standard acceptance of PSA of 4 and below), 9 (noting that PSA levels are higher in African Americans and increase with age and BPH) 12 and 16 (approving monitoring of PSA).)

(ECF No. 68 at 9.) Whether or not Dr. Montejo's conduct was medically appropriate is a matter of dispute. This court may not take judicial notice of a fact that is in dispute.

### III. Analysis of Motion to Amend

To determine whether plaintiff should be permitted to amend his complaint, this court reviews the four Foman factors: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." Webb, 655 F.2d at 980. When considering these factors, prejudice to the opposing party should be given the most weight. Jackson, 902 F.2d at 1387.

This court finds no indication that plaintiff has acted in bad faith or unreasonably delayed in bringing this motion; this case is still at an early stage because defendant has not yet filed an answer. In addition, defendant fails to allege he will suffer any prejudice if the court grants plaintiff leave to amend.

The key question in determining whether amendment is appropriate here is futility. Defendant argues that amendment would be futile because plaintiff cannot state claims under the Eighth Amendment regarding the diagnosis and treatment of his prostate cancer. With respect to plaintiff's claim against Dr. Montejo, this court does not find amendment futile. As set out above, at this stage, this court is required to accept the allegations of the TAC as true. If proved, plaintiff may be able to make out a claim that Montejo was deliberately indifferent to plaintiff's

////

serious medical needs when, in October 2018, he did not order further testing of plaintiff's prostate.

However, this court does not find amendment of the complaint to include claims against Shute and Dhillon appropriate. Plaintiff alleges conduct by those defendants that occurred over a year after Montejo refused to order further testing. Montejo's decision not to conduct testing is a one-time event. He either did, or did not, violate plaintiff's Eighth Amendment rights when he made that decision. Plaintiff's allegations against Shute and Dhillon involve their conduct after he was diagnosed with prostate cancer in late 2019, and after radiation treatment was determined appropriate in December 2019. Whether or not Shute and Dhillon were deliberately indifferent to plaintiff's serious medical needs in providing treatment in late 2019 and 2020 will not share common issues of law or fact with plaintiff's claim against Montejo. See Fed. R. Civ. P. 20(a)(2) (plaintiff may sue multiple defendants in the same action only if his claims arise "out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants.") "Unrelated claims against different defendants belong in different suits." George , 507 F.3d at 607.

For these reasons, this court will recommend plaintiff's motion to amend be granted and that his claims in the TAC against defendants Shute and Dhillon be dismissed without leave to amend.

## MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

On February 12, 2020, plaintiff filed an "emergency motion" for a court order requiring he be provided radiation treatment for prostate cancer. Plaintiff argued that the radiation had been ordered on December 19, 2019 and that, during the delay in treatment, his PSA had risen. (ECF No. 62.)

As plaintiff was informed in this court's February 3, 2020 findings and recommendations, preliminary injunctive relief is only appropriate to preserve the court's power to render a meaningful decision on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Like his prior request for injunctive relief, plaintiff's current request does not relate to the merits of this action and is, therefore, not

7

appropriate. (See ECF No. 59.) This court recognizes that is recommending that plaintiff be permitted to amend his complaint to assert a claim regarding defendant Montejo's refusal to order further prostate testing in October 2018. However, as explained above, that claim is unrelated to plaintiff's current treatment for prostate cancer. Plaintiff's request for court intervention in his current treatment should be denied.

**MOTION FOR SANCTIONS**

Plaintiff filed a document in which he appears to be seeking both sanctions against defendant's counsel and another settlement conference. (ECF No. 63.) Plaintiff contends defendant's counsel lacked the "unfettered settlement authority" required by the court's order setting the settlement conference. (See ECF No. 50 ("The individual with full authority to settle must also have 'unfettered discretion and authority' to change the settlement position of the party, if appropriate.") Settlement discussions are intended to be confidential and should not provide a basis for a publicly-filed motion. See E.D. Cal. R. 240(a)(16)("counsel shall not, in the absence of a written stipulation, reveal any offers made or rejected during settlement negotiations"); U.S. E.E.O.C. v. ABM Indus. Inc., No. 1:07-CV-01428 LJO JLT, 2010 WL 582049, at *1 (E.D. Cal. Feb. 12, 2010) ("the need for confidentiality of settlement negotiations is without dispute"). If plaintiff had concerns about defendant's counsel's settlement authority, he should have raised those concerns at the time with the settlement conference judge. Plaintiff's motion will be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 60) is granted; this case shall proceed on plaintiff's third amended complaint (ECF No. 61) as set out herein.

2. Plaintiff's motion for sanctions (ECF No. 63) is denied.

3. Within thirty days of the date of this order, plaintiff shall file any objections to this court's February 3, 2020 findings and recommendations (ECF No. 59).

4. Within thirty days of the date of this order, defendant Montejo shall file an answer or other responsive pleading to the third amended complaint.

////

8

Further, IT IS RECOMMENDED that:

1. The claims against defendants Shute and Dhillon be dismissed from the third amended complaint without leave to amend.

2. Plaintiff's motion for preliminary injunctive relief (ECF No. 62) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 2, 2020

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/step1796.mta fr