1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JIMMIE STEPHEN,                              No.  2:18-cv-01796 KJM DB P

12              Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   E. MONTEJO, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with a civil

18   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges defendant was deliberately

19   indifferent to his serious medical needs in violation of the Eighth Amendment.  Before the court

20   is defendant's motion to revoke plaintiff's IFP status.  For the reasons set forth below, this court

21   will recommend defendant's motion be granted.

22                                  **BACKGROUND**

23        Plaintiff filed his original complaint here on June 22, 2018.  (ECF No. 1.)  On screening,

24   this court found plaintiff failed to state any cognizable claims for relief and gave plaintiff leave to

25   file an amended complaint.  (ECF No. 6.)  In considering plaintiff's motion to proceed IFP, this

26   court found plaintiff had accrued over three strikes under 28 U.S.C. § 1915(g), preventing him

27   from proceeding IFP unless he could show he was in imminent danger of serious physical harm.

28   ////

                                        1

1    This court then found that plaintiff's allegations were, liberally construed, minimally sufficient to

2    meet the imminent danger standard.  (Id. at 2-3.)

3          Since then, plaintiff has filed three amended complaints.  This case is proceeding on

4    plaintiff's claims against defendant Montejo in the third amended complaint regarding Montejo's

5    treatment of plaintiff's chronic kidney disease ("CKD") and prostate.  (ECF Nos. 61, 74.)

6          On April 29, 2020, defendant filed the present motion to revoke plaintiff's IFP status and

7    a request for judicial notice.  (ECF Nos. 77, 78.)  Plaintiff filed an opposition (ECF No. 81) and

8    defendant filed a reply (ECF No. 84).

9                                    **MOTION TO REVOKE IFP STATUS**

10   **I.  Legal Standards**

11         The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

12   the commencement and prosecution of any suit without prepayment of fees by a person who

13   submits an affidavit indicating that the person is unable to pay such fees.  However,

14
> [i]n no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
15
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
16
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
17
> prisoner is under imminent danger of serious physical injury.

18   28 U.S.C. § 1915(g).

19         This "three strikes rule" was part of "a variety of reforms designed to filter out the bad

20   claims [filed by prisoners] and facilitate consideration of the good."  Coleman v. Tollefson, 135

21   S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).  If a prisoner has

22   three strikes under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he

23   meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes,

24   493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this exception, the complaint of a three-strikes

25   prisoner must plausibly allege that the prisoner was faced with imminent danger of serious

26   physical injury at the time his complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189

27   (9th Cir. 2015); Andrews, 493 F.3d at 1055.

28   ////

1    Imminent danger of serious physical injury must be a real, present threat, not merely

2  speculative or hypothetical.  Andrews, 493 F.3d at 1057 n. 11.  To meet his burden under §

3  1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a

4  pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v.

5  Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm

6  are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the

7  "imminent danger" exception is available "for genuine emergencies," where "time is pressing"

8  and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

9    Courts need "not make an overly detailed inquiry into whether the allegations qualify for

10  the exception."  Andrews, 493 F.3d at 1055; see also Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th

11  Cir. 2003) ("[Section] 1915(g) is not a vehicle for determining the merits of a claim.... [T]o fine-

12  tune what is 'serious enough' to qualify for the exception ... would result in a complicated set of

13  rules about what conditions are serious enough, all for a simple statutory provision governing

14  when a prisoner must pay the filing fee for his claim. This is not required....").  Rather, the court

15  should liberally construe the pro se plaintiff's allegations to determine whether he has plausibly

16  alleged imminent danger and apply the exception in a manner that makes "practical sense."

17  Andrews, 493 F.3d at 1055.

18  **II.  Analysis**

19    This court previously found that plaintiff suffered more than three strikes under 28 U.S.C.

20  § 1915(g) before he initiated this action.  (ECF No. 6 at 2-3.)  That finding has not been

21  challenged.  The only issue is whether this court's previous finding that plaintiff adequately

22  demonstrated imminent danger of serious physical injury should be revisited.

23    Defendant argues that plaintiff "failed to plead facts sufficient to support a plausible

24  inference that the treatment Dr. Montejo provided (or failed to provide) for CKD posed a

25  substantially serious risk of harm that was imminent when he filed suit."  (ECF No. 77-1 at 9.)

26  Defendant asks this court to consider the fact that doctors recently determined that plaintiff does

27  not suffer from CKD and various medical facts regarding plaintiff's kidney health.

28  ////

3

1    Defendant's motion raises two issues regarding the proper application of the imminent

2    danger exception.  The first issue is whether imminent danger should be evaluated at the time

3    plaintiff filed this action or whether it should be evaluated as of the time the operative complaint

4    was filed.  The second issue is whether this court may consider evidence outside the allegations of

5    the relevant complaint.  For the reasons set forth below, this court finds it must consider whether

6    plaintiff has established he was in imminent danger at the time he filed this action in June 2018

7    and that it may consider a limited amount of additional evidence in making this determination.

8    **A.  Relevant Time Period for Purposes of the Imminent Danger Exception**

9    The exception to § 1915(g) permitting a prisoner to proceed in forma pauperis despite

10   having three or more strikes against him "applies if the complaint makes a plausible allegation

11   that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."

12   Andrews, 493 F.3d at 1055.  In so holding, the Ninth Circuit relied upon the following analysis of

13   the applicable statute:

14   
15   
16   
17   
18   
19   
20   
21   

> The PLRA provides that a prisoner with three strikes cannot use IFP
> status to "bring a civil action...unless the prisoner is under imminent
> danger of serious physical injury." 28 U.S.C. § 1915(g) (emphases
> added). The exception's use of the present tense, combined with its
> concern only with the initial act of "bring[ing]" the lawsuit, indicates
> to us that the exception applies if the danger existed at the time the
> prisoner filed the complaint. *See United States v. Jackson*, 480 F.3d
> 1014, 1018–19 (9th Cir. 2007) (noting the use of tenses in statutes
> generally is significant and "one would not refer in the present tense
> to something that had already happened" (citing The Dictionary Act,
> 1 U.S.C. § 1)). In other words, the availability of the exception turns
> on the conditions a prisoner faced at the time the complaint was filed,
> not at some earlier or later time. Andrews's removal from the
> California prison system after filing the complaint is therefore
> irrelevant to our § 1915(g) analysis.

22   Id. at 1052-53.

23   Judges in this district have taken different approaches to evaluating imminent danger.

24   Some have looked to the time of the operative complaint.  Others have looked to the time of the

25   original filing.  Compare Ramey v. Franco, No. 2:16-cv-2107 JAM CKD, 2018 WL 784294, at *6

26   (E.D. Cal. Feb. 8, 2018) (court looks to allegations of amended complaint to determine whether

27   plaintiff plausibly alleged imminent danger at that time), withdrawn on other grounds, No. 2:16-

28   cv-2107 JAM CKD (E.D. Cal. Mar. 19, 2018); Diaz v. Sherman, No. 1:13-cv-01627-DAD-MJS,

1    2016 WL 8673044, at *2 (E.D. Cal. Aug. 5, 2016) (same); and Winfield v. Schwarzenegger, No.

2    2:09-cv-0636-JAM-KJN, 2010 WL 3397397, at *1 (E.D. Cal. Aug. 27, 2010), rep. and reco.

3    adopted, 2011 WL 302862 (E.D. Cal. Jan. 25, 2011) with Ellington v. Alameida, No. 2:04-cv-

4    0666-RSL-JLW, 2010 WL 2650632, at *6 (E.D. Cal. July 1, 2010) ("[T]his Court properly

5    considered whether plaintiff was under imminent danger of serious physical injury at the time he

6    brought this action."), rep. and reco. adopted, 2010 WL 11526778 (E.D. Cal. Aug. 26, 2010),

7    aff'd on other grounds, 479 F. App'x 762 (9th Cir. 2012); Andrews v. Cervantes, No. CIV S-03-

8    1218 WBS EFB P, 2008 WL 1970345, *1 (E.D. Cal. May 5, 2008) ("The court acknowledges

9    that this is an amended complaint filed after plaintiff was removed from the California

10   Department of Corrections and Rehabilitations. However...§ 1915(g) addresses the time a

11   prisoner brings an action. Accordingly, despite the passage of time and plaintiff's transfer away

12   from the California prison system, the court finds that at the time he brought this action, he was in

13   'imminent danger of serious physical harm.'"), rep. and reco. adopted, 2008 WL 2705405 (E.D.

14   Cal. July 9, 2008).

15          Recently, Judge Drozd, who had held in Diaz that imminent danger should be measured at

16   the time of the operative complaint, reversed course.  He held that his ruling in Diaz was in error.

17   The following reflects Judge Drozd's reasoning in reaching that conclusion.

18                  [T]he court begins with the text of 28 U.S.C. § 1915(g). That
                    language is instructive: it states that "[i]n no event shall a prisoner
19                  *bring a civil action* or appeal a judgment in a civil action under this
                    proceeding" if the prisoner has three or more strikes against him,
20                  unless he can demonstrate imminent danger.  28 U.S.C. § 1915(g)
                    (emphasis added).  The bringing of an action is not synonymous with
21                  the filing of a complaint.  In common legal parlance, the term
                    "action" refers not merely to the operative pleadings, but instead
22                  encompasses "all the formal proceedings in a court of justice
                    attendant upon the demand of a right made by one person of another
23                  in such court, including an adjudication upon the right and its
                    enforcement or denial by the court." Black's Law Dictionary 28 (6th
24                  ed. 1990); *see also* U.C.C. § 1–201(b)(1) (" 'Action', in the sense of
                    a judicial proceeding, includes recoupment, counterclaim, set-off,
25                  suit in equity, and any other proceeding in which rights are
                    determined."). Complaints, by contrast, are merely one form of
26                  pleading that may be filed within an action, and multiple amended
                    complaints may be filed within a single action at the discretion of the
27                  court. *See* Fed. R. Civ. P. 7(a)(1), 15. Thus, § 1915(g) by its terms
                    requires a showing of imminent danger upon the commencement of
28                  an action, not the filing of a complaint.

                                                    5

1
2
3
4
5
6
7
8
9
10

> Other provisions within § 1915 reflect this distinction. The text of that statute refers both to "complaints" and "actions" in various portions of the text, and this court must ascribe different meanings to those words if possible under a fair reading of the statute. *See Lindsey v. Tacoma- Pierce Cty. Health Dep't*, 195 F.3d 1065, 1074 (9th Cir. 1999) (calling it a "basic principle of statutory construction that different words in the same statute must be given different meanings"). Had Congress sought to require a plaintiff to demonstrate imminent danger each time an amended complaint was filed, they could easily have used language to that effect. As currently drafted, however, § 1915(g) provides that imminent danger is to be measured only twice: once at the commencement of an action with the district court, and again upon the filing of a notice of appeal. Because imminent danger is tied to the action rather than the operative complaint, the court finds that a plaintiff is under no obligation to demonstrate that he is in imminent danger each time he seeks to amend. Reading such a requirement into the statute would be contrary to its text.

11
12
13
14
15

> Further supporting this reading of the statute is Ninth Circuit caselaw holding that under the plain language of § 1915(g), a prisoner must make the imminent danger showing at "two different times": the bringing of an action and the appeal of a judgment. *Williams v. Paramo*, 775 F.3d 1182, 1188 (9th Cir. 2015). This language strongly suggests that for as long as an action proceeds at the district court level, a plaintiff seeking to proceed in forma pauperis by demonstrating imminent danger need only make the requisite showing once, after which he must make it again should the case proceed on appeal.

16
17
18
19
20
21
22
23

> Bolstering this reading is the underlying purpose of the PLRA, which was "designed to bring [prisoner] litigation under control." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *see also Williams*, 775 F.3d at 1190 (noting that an "overly detailed" inquiry into to whether a prisoner is in imminent danger would only have the effect of "spawning additional litigation and creating mini-trials over whether a prisoner has shown an imminent danger"). In this court's experience, because prisoners almost always proceed without counsel, they often must file amended complaints before satisfying the various pleading requirements incumbent upon them as litigants in federal court. Requiring judges to resolve issues of whether the imminent danger exception has been established as applicable at each iteration of the complaint would serve only to expend limited judicial resources, directly contrary to the PLRA's intent.

24   Bradford v. Usher, 1:17-cv-1128 DAD SAB, 2019 WL 4316899, at *2-3 (E.D. Cal. Sept. 12,

25   2019).  Judge Drozd concluded by noting that "this point of law remains unsettled, and that courts

26   across the country appear to have at least arguably reached somewhat different conclusions on the

27   issue." Id. at 4 (collecting cases).

28   ////

1      Based on the reasoning set forth in Bradford, this court finds it appropriate to look to

2  plaintiff's circumstances at the time he filed his original complaint.

3                  **B.  Consideration of Evidence Beyond the Complaint**

4      Defendant cites just one case for the proposition that this court may consider information

5  beyond the scope of the complaint.  In that case, Denton v. Hernandez, the Court examined the

6  PLRA's requirement that cases brought by prisoners in forma pauperis be screened in part to

7  determine whether the action was so frivolous that it should not be permitted to proceed.  The

8  Court in Denton held that a court may "pierce the veil of the complaint" to determine whether it is

9  frivolous.  504 U.S. 25, 32 (1992).  It stated further, "[w]e . . . reject the motion that a court must

10  accept as 'having an arguable basis in fact' . . . . all allegations that cannot be rebutted by

11  judicially noticeable facts."  Id.  The Court in Denton did not address application of this principle

12  to consideration of the imminent danger exception.

13      While it does not appear that the Ninth Circuit has addressed the issue, a number of other

14  federal courts have.  Last year, the Second Circuit considered it.  After reviewing the case law,

15  the court found that "[a]ll of our sister circuits to have confronted this question have held that

16  district courts – upon challenge by a defendant – may conduct a narrow evidentiary inquiry into

17  the prisoner-litigant's fear of imminent danger."  Shepherd v. Annucci, 921 F.3d 89, 94 (2d Cir.

18  2019) (collecting cases).  This court's research has similarly uncovered no federal court decisions

19  limiting the imminent danger analysis, when challenged by the defendant, to the allegations of the

20  complaint.  District courts in the Ninth Circuit have permitted limited, evidentiary inquiry into

21  serious allegations of imminent danger.  See Diaz v. Hurley, No. 2:15-cv-2083 GEB KJN P, 2017

22  WL 4876032, at *3 (E.D. Cal. Oct. 30, 2017) ("Where serious allegations of imminent danger are

23  disputed, district courts may hold a hearing or rely on affidavits, depositions, or other records to

24  resolve the issue." (Citing Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010)), rep. and reco.

25  adopted, 2018 WL 558667 (E.D. Cal. Jan. 24, 2018); Tierney v. Hamada, No. 1:12-CV-0117

26  SOM, 2012 WL 4502935, at *3 (D. Haw. Sept. 27, 2012) (Court conducted evidentiary hearing

27  that required it to determine whether the plaintiff "sufficiently and plausibly alleging imminent

28  danger.").

1    The Second Circuit in <u>Shepherd</u> recognized the Ninth Circuit's warning in <u>Andrews</u> that

2    inquiry into imminent danger should not be "overly detailed."  The Second Circuit did not find its

3    holding contrary to that admonition.

4    
> Nothing in *Andrews* purports to say, however, that defendants cannot
5    > mount a limited factual challenge to a district court's provisional
> determination that a prisoner satisfies the imminent-danger
6    > exception, or that district courts' hands are tied in resolving this
> conflict. *Andrews* only cautions – and we agree – that any such
7    > inquiry should be narrow.

8    > Of course, a narrow evidentiary challenge to a provisional
> determination that a prisoner is in imminent danger of serious
9    > physical injury should not metastasize into "a full-scale merits
> review."  *Taylor*, 623 F.3d at 486.  Because any such inquiry
10   > concerns only a "threshold procedural question," *Chavis*, 618 F.3d at
> 169, resolving a challenge to the imminent-danger exception "does
11   > no more than permit the complainant to proceed with his or her cause
> of action [with or] without pre–payment of the filing fee in full,"
> *Gibbs*, 116 F.3d at 87 n.7
12   

13   <u>Shepherd</u>, 921 F.3d at 95-96.  This court finds it may consider evidence beyond the four corners

14   of the complaint to determine whether plaintiff was in imminent danger of serious physical injury

15   when he filed this action.

16   **C.  Was Plaintiff in Imminent Danger for Purposes of § 1915(g)?**

17   In his original complaint, filed here on June 22, 2018, plaintiff alleged that he was

18   diagnosed with CKD in 2017.  He further alleged that defendant Montejo refused to conduct

19   testing to categorize plaintiff's CKD.  Plaintiff contended that until his CKD type was identified,

20   treatment could not begin.  Plaintiff alleged that he could require hemodialysis to avoid renal

21   failure.

22   After reviewing plaintiff's allegations, this court found plaintiff met the imminent danger

23   exception:

24   
> Whether or not plaintiff has adequately alleged "imminent danger"
25   > is a close question. Denial of medical treatment "may result in a
> pending imminent danger of serious physical injury within the
> meaning of 28 U.S.C. § 1915(g)." <u>Freeman v. Collins</u>, No. 2:08-cv-
26   > 0071, 2011 WL 1397594 (S.D. Ohio Apr. 12, 2011) (citing numerous
> courts of appeals' cases), <u>op. adopted</u>, 2011 WL 6339687 (S.D. Ohio
27   > Dec. 19, 2011). Because this court liberally construes plaintiff's
> complaint of problems with urination, the need for hemodialysis, and
28   > the potentially dire consequences if plaintiff does not receive

8

1
2

dialysis, this court finds plaintiff has established an "imminent danger of serious physical injury" and qualifies for the exception to § 1915(g).

3    (Sept. 20, 2018 Screening Order (ECF No. 6 at 3-4).)

4         In his motion to revoke plaintiff's IFP status, defendant makes a number of arguments.

5    Defendant also asks the court to judicially notice both plaintiff's litigation history and medical

6    information regarding the diagnosis and treatment of both CKD and prostate cancer.  This court

7    may consider plaintiff's litigation history because it is a matter of public record that is not subject

8    to dispute.  Fed. R. Evid. § 201.  However, this court finds it unnecessary to consider the medical

9    evidence defendant seeks this court to judicially notice.  Rather, based on plaintiff's later

10   assertions regarding treatment for CKD and based on the vague and speculative nature of

11   plaintiff's original claims of potential injury, this court finds its initial determination that plaintiff

12   met the imminent danger standard to have been in error.

13        Courts have stressed that allegations of imminent danger must be supported by specific,

14   credible allegations of harm, McNeil v. United States, No. C 05-1975-JCC, 2006 WL 581081

15   (W.D. Wash. Mar. 8, 2006), by allegations showing that the danger faced is "real, proximate,

16   and/or ongoing," Andrews, 493 F.3d at 1056, and by allegations that are not speculative, Brown

17   v. Newsom, No. 2:19-cv-0326 KJN P, 2019 WL 2387762, at *1 (E.D. Cal. June 6, 2019).

18   Plaintiff must have shown that he faced a "genuine emergency" and "time [was] pressing."

19   Lewis, 279 F.3d at 531.

20        Simply taken from the face of the original complaint, plaintiff's allegations fail to meet

21   that standard.  Plaintiff alleged only that Montejo failed to type his CKD and that he might,

22   depending on the type of CKD, require dialysis.  Plaintiff's assertion of the need for dialysis was

23   completely speculative.  Nor did plaintiff show he was facing any other sort of emergency

24   because of the CKD diagnosis.  Plaintiff alleged he had been diagnosed with CKD in 2017.  He

25   filed this action a year later.  Plaintiff did not explain why his medical situation required

26   immediate attention in June 2018.

27        Nothing plaintiff has alleged in his subsequent filings cures this problem with the initial

28   complaint.  In fact, plaintiff has backed away from his assertion that he may require dialysis and

9

1    now contends only that Montejo did not treat him correctly by prescribing vitamins, a low protein

2    diet, and lifestyle changes.  (Sec. Am. Compl. (ECF No. 15 at 4).)  In addition, to the extent

3    plaintiff alleges that he has a low glomerular filtration rate ("GFR") indicating severe kidney

4    problems, that condition was not present in June 2018.  Attached to plaintiff's third amended

5    complaint is a doctor's 2019 report noting that plaintiff's renal functions were "stable" and noting

6    that his GFR had stayed consistently above the level that would be cause for concern.  (ECF No.

7    61 at 11-12.)

8          Finally, plaintiff's allegations of prostate problems cannot serve to establish imminent

9    danger.  Plaintiff alleges in his third amended complaint that defendant Montejo failed to

10   adequately treat his prostate in October 2018 by ordering further testing after his examination

11   showed plaintiff had an enlarged prostate and a high prostate-specific antigen ("PSA").  (ECF No.

12   61 at 3.)  Because this alleged conduct did not occur until after plaintiff filed this action in June

13   2018, it cannot form the basis for any assertion that plaintiff was in imminent danger of serious

14   physical harm when he filed here.[1]

15         The PLRA specifies that "[i]n no event shall a prisoner bring a civil action" when he has

16   on three or more prior occasions brought an action or appeal that was dismissed as frivolous, or

17   malicious, or for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).

18   Plaintiff has unquestionably incurred far more than three strikes.  (See ECF No. 78.)  He should

19   only be permitted to proceed IFP here if he meets the imminent danger exception.  For the

20   reasons set forth above, this court finds he has not done so.  Defendant's motion to revoke

21   plaintiff's IFP status should be granted and plaintiff should be ordered to pay the filing fee if he

22   wishes to proceed.

23   _____

24   [1] Even if this court could consider plaintiff's complaints that Montejo failed to properly treat his prostate, those complaints would not meet the imminent danger standard.  Plaintiff did not raise any issue regarding his prostate until his second amended complaint, filed January 28, 2019.

25   (ECF No. 15.)  And, he only stated there that contamination of prison drinking water had contributed to his prostate disease.  Plaintiff did not raise the claim regarding his prostate care by

26   Montejo until he filed his third amended complaint in February 2020, long after he alleges Montejo failed to treat him in October 2018.  (ECF No. 61.)  Nothing about that allegation of past

27   conduct demonstrated plaintiff was in imminent danger of serious physical injury in February

28   2020.

10

1        Accordingly, IT IS HEREBY RECOMMENDED that:

2        1. Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 77) be

3    granted;

4        2. Plaintiff be ordered to pay the filing fee if he wishes to proceed with this action; and

5        2. Defendant's request for judicial notice (ECF No. 78) be granted as to plaintiff's

6    litigation history and denied in all other respects.

7        These findings and recommendations will be submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

9    being served with these findings and recommendations, either party may file written objections

10   with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

11   and Recommendations."  The parties are advised that failure to file objections within the specified

12   time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951

13   F.2d 1153 (9th Cir. 1991).

14   Dated:  June 11, 2020

15

16

17                                                                 DEBORAH BARNES
                                                                   UNITED STATES MAGISTRATE JUDGE
18

19

20   DLB:9
     DLB1/prisoner-civil rights/step1796.mtn revoke fr
21

22

23

24

25

26

27

28