1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JIMMIE STEPHEN,                              No.  2:18-cv-1796 KJM DB P

12              Plaintiff,

13         v.                                      ORDER

14    E. MONTEJO, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  In an order filed November 30, 2020, Chief

18    Judge Mueller granted defendants' motion to revoke plaintiff's in forma pauperis status.  (ECF

19    No. 93.)  Plaintiff must pay the $400 filing fee within thirty days of the date of that order if he

20    wishes to proceed with this action.

21         Plaintiff filed two motions on October 19, 2020.  In the first, plaintiff requests a settlement

22    conference.  (ECF No. 91.)  Because plaintiff must pay the filing fee to proceed, any settlement

23    conference is premature.  Plaintiff's request will be denied.

24         In his second filing, plaintiff makes several requests:  (1) he asks that a "lien" be placed

25    on his inmate trust account to pay the $400 fee or, in the alternative, that this case be stayed until

26    he can obtain the money to pay the fee; (2) he argues that requiring payment of the filing fee is

27    unconstitutional under Griffin v. Illinois, 351 U.S. 12 (1956); and (3) he asks for the appointment

28    of counsel.  (ECF No. 92.)  Placing a lien on plaintiff's account is essentially what this court

                                                1

1  orders when an inmate is granted in forma pauperis status.  In forma pauperis status permits

2  inmates to pay off the filing fee over time as money accrues in their trust accounts.  See 28 U.S.C.

3  § 1915(a), (b).  A plaintiff who is not proceeding in forma pauperis must pay the filing fee before

4  proceeding with a civil action.  See 28 U.S.C. § 1914(a) ("The clerk of each district court shall

5  require the parties instituting any civil action, suit or proceeding in such court, whether by

6  original process, removal or otherwise, to pay a filing fee of $350 . . . ."); 28 U.S.C. 1914(c)

7  ("Each district court by rule or standing order may require advance payment of fees."); E.D. Cal.

8  R. 121(c) ("[T]he Clerk shall not file any paper, issue any process, or render any other service for

9  which a fee is prescribed by statute . . . unless the fee is prepaid.")

10        With respect to plaintiff's request for a stay, plaintiff cites no legal basis for one.  If

11  plaintiff is unable to pay the $400 fee within the time required by Chief Judge Mueller's order,

12  this action will be dismissed without prejudice.  Once plaintiff has the funds to pay the filing fee,

13  he may institute a new proceeding.

14        Plaintiff's argument that he must be permitted to proceed without payment of the filing

15  fee based on the decision in Griffin v. Illinois is essentially a challenge to this court's

16  recommendation that plaintiff's in forma pauperis status be revoked.  It is baseless.  The Court in

17  Griffin addressed the ability of a criminal defendant to challenge the charges against him and his

18  conviction.  See Griffin, 351 U.S. at 17 (Criminal "defendants unable to pay court costs in

19  advance" may not "be denied the right to plead not guilty or to defend themselves in court.").

20  Griffin is inapplicable to a plaintiff in a civil suit.  See Rodriguez v. Cook, 169 F.3d 1176, 1180

21  (9th Cir. 1999) (Griffin stands for the proposition that the Constitution requires the waiver of

22  filing fees in criminal cases) (citing Mayer v. Chicago, 404 U.S. 189, 195–96 (1971) and Griffin,

23  351 U.S. at 18-20).  Moreover, to the extent plaintiff's Griffin argument is considered an

24  objection to this court's recommendation, it is untimely.  (See June 12, 2020 Findings and

25  Recommendations (ECF No. 86) (objections due within thirty days).)

26        Finally, with respect to plaintiff's request for the appointment of counsel.  Plaintiff makes

27  no argument as to why counsel should be appointed at this juncture.  Because plaintiff must pay

28  the filing fee before he can proceed, appointment of counsel is premature.

2

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for a settlement conference (ECF No. 91) is denied as premature;

2. Plaintiff's motion for placement of a lien on his trust account (ECF No. 92) is denied;

3. Plaintiff's motion for a stay of these proceedings to permit him to pay the filing fee (ECF No. 92 ) is denied;

4. Plaintiff's challenge to the order revoking his in forma pauperis status based on Griffin v. Illinois (ECF No. 92) is rejected; and

5. Plaintiff's motion for the appointment of counsel (ECF No. 92) is denied as premature.

Dated:  December 14, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/step1796.10 20 mtns

3