1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    JIMMIE STEPHEN,                              No.  2:18-cv-1796 KJM DB P

11                     Plaintiff,

12          v.                                     ORDER

13    E. MONTEJO,

14                     Defendant

15

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action.  He alleges

17    defendant was deliberately indifferent to his serious medical needs in violation of the Eighth

18    Amendment.  Before the court are plaintiff's request to dismiss his claim regarding treatment for

19    chronic kidney disease ("CKD"), defendant's request to stay briefing on plaintiff's motion for

20    summary judgment, and plaintiff's request for the appointment of counsel.

21                              **DISMISSAL OF CKD CLAIM**

22          In his motion for summary judgment, plaintiff states that he is voluntarily dismissing his

23    claim regarding treatment for CKD.  (ECF No. 105 at 4, 10; see also ECF No. 109 at 3.)

24    Defendant does not oppose dismissal of that claim.  Accordingly, plaintiff's claim regarding the

25    treatment for CKD will be dismissed.  This case will proceed solely on plaintiff's Eighth

26    Amendment claim that defendant was deliberately indifferent in his detection and treatment of

27    plaintiff's prostate cancer.

28    ////

1

### STAY OF SUMMARY JUDGMENT BRIEFING

On December 27, 2021, plaintiff filed a motion for summary judgment.[1]  (ECF No. 105 at 37.)  It was filed on the court's docket on January 3, 2022.  Also on January 3, this court issued a Discovery and Scheduling Order.  That order set a deadline of April 9, 2022 for the parties to conduct discovery and a deadline of July 22, 2022 for the parties to file any dispositive motions.

Defendant seeks an order staying briefing on the summary judgment motion.  Defendant argues that he has not had an opportunity to conduct discovery so is unprepared to respond to plaintiff's motion.  Plaintiff objects to defendant's request.  Plaintiff argues that defendant has had adequate time and sufficient funds to prepare to address plaintiff's one remaining claim.

Plaintiff's motion for summary judgment is premature.  The purpose of discovery is to permit the parties to "obtain evidence necessary to evaluate and resolve their dispute."  United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Neither party had the opportunity to conduct discovery prior to the issuance of the Discovery and Scheduling Order.  Accordingly, this court will grant defendant's motion to stay briefing of plaintiff's motion for summary judgment.  Defendant's opposition to the motion, and any other dispositive motions, are due for filing no later than July 22, 2022.

In his opposition to the motion for a stay, plaintiff also alleges prison staff have pressured him to dismiss this suit and he has suffered disciplinary write-ups in retaliation for refusing to do so.  Plaintiff's allegations do not involve the issue in this case - his medical care by defendant.  They will not be addressed here.  If plaintiff's feels his constitutional rights have been violated by other prison staff members, he can certainly use the prison grievance process and, once that avenue is exhausted, the court to seek redress for those injuries.

### MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel because he is unable to afford counsel, his access to the law library and other resources is limited, and he feels he will need an expert witness if his case goes to trial,

---

[1] Under the "mailbox rule," the court considers the date a prisoner turns over his filing to prison authorities for mailing as the filing date.  See Houston v. Lack, 487 U.S. 266, 270 (1988).

1    The United States Supreme Court has ruled that district courts lack authority to require

2    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

3    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

4    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

5    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

6    The test for exceptional circumstances requires the court to evaluate the plaintiff's

7    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

8    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

9    1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

10   common to most prisoners, such as lack of legal education and limited law library access, do not

11   establish exceptional circumstances that would warrant a request for voluntary assistance of

12   counsel.  While the court is not unsympathetic to the difficulties prisoners face in litigating in

13   court, plaintiff appears able to articulate his claims.  Further, plaintiff's problems of library access

14   and hiring experts are faced by most prisoners.  They are not unique to plaintiff.  Plaintiff has not

15   shown he faces exceptional circumstances that would justify an attempt by this court to locate

16   counsel willing and able to take plaintiff's case.  Plaintiff's motion will be denied.

17   For the foregoing reasons, IT IS HEREBY ORDERED as follows:

18   1. Plaintiff's request to dismiss his claim based on treatment for chronic kidney disease is

19   granted.  That claim is dismissed from this action.

20   2. Defendant's motion (ECF No. 107) to stay briefing on plaintiff's motion for summary

21   judgment is granted.  Defendant's opposition to plaintiff's motion shall be filed by July 22, 2022.

22   3. Plaintiff's motion for the appointment of counsel (ECF No. 108) is denied.

23   Dated:  January 28, 2022

24

25

26   DLB:9/DB prisoner inbox/civil rights/R/step1796.msj stay

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

27

28

3