UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN, | No. 2:18-cv-1796 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| E. MONTEJO, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. This case is proceeding on plaintiff's claim that defendant Montejo was deliberately indifferent to plaintiff's serious medical need in violation of the Eighth Amendment. Plaintiff argues that he is inexperienced in the law, has limited law library access, and cannot afford an attorney. Plaintiff further argues that the issues in his case are complex and, if the case goes to trial, an attorney would be better able to present evidence and cross-examine witnesses.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, plaintiff's difficulties in litigating this case are those faced by most prisoners.  This court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 113) is denied.

Dated:  May 9, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/R/step1796.31(4)