UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. MONTEJO,<br><br>　　　　Defendant. | No. 2:18-cv-1796 KJM DB P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendant was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Before the court are: (1) defendant Montejo's motion to compel; (2) defendant's motion to modify the Discovery and Scheduling Order ("DSO"); (3) plaintiff's motion for a copy of the transcript of his deposition; (4) plaintiff's motion to amend the third amended complaint; and (5) plaintiff's motion for sanctions. For the reasons set forth below, this court grants defendants' motions and denies plaintiff's motions for a copy of the transcript and for sanctions. Further, this court recommends plaintiff's motion to amend be denied.

**BACKGROUND**

This case is proceeding on plaintiff's third amended complaint. (ECF No. 61.) Plaintiff alleges that when he was incarcerated at the California Medical Facility in 2018, defendant

Montejo[1] failed to treat his chronic kidney disease and refused to order further testing for prostate cancer after an examination of plaintiff showed an enlarged prostate and a high prostate-specific antigen ("PSA"). In 2022, plaintiff voluntarily dismissed the claim based on the treatment of his kidney disease. The case now proceeds solely on plaintiff's claim that defendant was deliberately indifferent to his risk of prostate cancer.

In 2020, the court granted defendant's motion to revoke plaintiff's in forma pauperis status. (ECF No. 93.) After appealing the district court's order, plaintiff paid the filing fee in 2021.

This court issued a DSO in January 2022. (ECF No. 104.) It set deadlines of April 29, 2022 for discovery and July 22, 2022 for dispositive motions. Prior to issuance of the DSO, plaintiff filed a motion for summary judgment. This court stayed consideration of that motion until the parties could complete discovery and defendant had an opportunity to file a dispositive motion as well. (See ECF No. 110.)

On April 29, 2022, defendant moved to compel plaintiff to respond to interrogatories, requests for production of documents, and requests for admissions. (ECF No. 111.) Plaintiff filed an opposition (ECF No. 120) and defendant filed a reply (ECF No. 123). Defendant also seeks to modify the DSO.

On May 2, 2022, plaintiff filed a motion for a copy of the transcript of his deposition. (ECF No. 112.) Defendant filed an opposition. (ECF No. 116.)

Plaintiff also filed a motion to amend the third amended complaint. (ECF No. 114.) Defendant opposes that motion. (ECF No. 117.) Plaintiff filed a reply. (ECF No. 125.)

**MOTION TO COMPEL**

**I. Legal Standards for Motions to Compel**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

---

[1] All other defendants identified by plaintiff in his various complaints have been dismissed from this action.

2

1  incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).  "District courts have

2  'broad discretion to manage discovery and to control the course of litigation under Federal Rule

3  of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

4  Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

5        The party moving to compel bears the burden of informing the court (1) which discovery

6  requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why

7  the party believes the response is deficient, (4) why any objections are not justified, and (5) why

8  the information sought through discovery is relevant to the prosecution of this action. McCoy v.

9  Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v.

10 Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

11       The purpose of discovery is to "remove surprise from trial preparation so the parties can

12 obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman

13 Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Rule 26(b)(1) of

14 the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

15-19
> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

20       "Relevance for purposes of discovery is defined very broadly." Garneau v. City of

21 Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the

22 burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).

23 Thereafter, the party opposing discovery has the burden of showing that the discovery should be

24 prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v.

25 Ochoa, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal

26 citation omitted).

27 ////

28 ////

**II. Defendant Montejo's Motion**

    **A. Interrogatories, Set One[2]**

Defendant argues that several of plaintiff's interrogatory responses are non-responsive. Plaintiff argues that defendant's motion is frivolous because defendant has access to all the information sought and plaintiff indicates he does not have access to all the information. This court finds that each of the interrogatories seeks information relevant to plaintiff's allegations against defendant Montejo. Below, this court considers each of plaintiff's responses.

- <u>Interrogatory No. 7</u>

"State all facts supporting your contention that Dr. Montejo acted with deliberate indifference in the treatment he provided (including screening or diagnosis) for prostate cancer."

<u>Response to Interrogatory No. 7</u>

"1. When Plaintiff has Family History of Prostate Cancer, Blood in Urine, with other Side-Effects, No steady Flow, Hard to Botched Polyp Surgery for Pre-Cancer, of 2010.

2. Denial of Vitamins, with Attitude told to purchase at canteen, without regards if had Monies, for Mis-Diagnosed CKD when Prostate Cancer..Which led to 6-22-18 Lawsuit filing."

Plaintiff's response seems to address, to some extent, the question asked. However, it is not clear. If plaintiff is alleging that defendant Montejo was aware of the symptoms plaintiff lists in the first part of his response, then plaintiff must specifically say so. If plaintiff is alleging Montejo is responsible for the denial of vitamins, then he must clarify that as well. Plaintiff will be ordered to submit a further response to Interrogatory No. 7.

- <u>Interrogatory No. 8</u>

"State all facts supporting your contention that Dr. Montejo caused a delay in your treatment for prostate cancer (including screening or diagnosis)."

---

[2] Defendant's interrogatories and plaintiff's responses can be found at ECF No. 111-1 at 15-24.

<u>Response to Interrogatory No. 8</u>

"Same, Family History, High PSA, Blood in Urine, CKD Diagnose as Error, or Malpractice, Side Effects."

Plaintiff fails to answer the question by showing defendant's responsibility for any delay. Plaintiff must state facts showing why he believes Montejo caused a delay in his cancer treatment. Plaintiff must provide a further response to Interrogatory No. 8.

- <u>Interrogatory No. 9</u>

"State all facts supporting your contention that the treatment Dr. Montejo provided you for prostate cancer (including screening or diagnosis) caused you harm."

<u>Response to Interrogatory No. 9</u>

"Early Intervention by Medications, Diet, Extract, Vitamin D, known to Reverse PSA..All Denied by Montejo."

Plaintiff's response does not address the question asked. Plaintiff must explain what harm he suffered as a result of Montejo's conduct.

- <u>Interrogatory Nos. 13, 14, 15, and 16</u>.

These interrogatories asked plaintiff to identify each medically-trained individual who indicated that a delay in the diagnosis or treatment of plaintiff's prostate cancer caused him harm and to explain any statements those individuals made.

<u>Responses to Interrogatory Nos. 13, 14, 15, and 16</u>

To No. 13, plaintiff responded "This don't take a Brain Surgeon, also a Jury Question." To Nos. 14-16, plaintiff responded "Jury Question."

Plaintiff fails to respond to these interrogatories. He will be ordered to do so. Defendant has a right to obtain any information from plaintiff that might help defendant prepare for trial. Any medical personnel who told plaintiff that delays caused him harm would be important sources of information. However, if plaintiff does not have any such information, then plaintiff must write that in his response.

////

////

- Interrogatory Nos. 17 and 18

These interrogatories asked plaintiff to identify the dates he experienced impotence.

Responses to Interrogatory Nos. 17 and 18

"No Records at this time."

Defendant does not request any records here. Rather, defendant is simply asking plaintiff to explain when he experienced impotence, something plaintiff alleges resulted from defendant's conduct. Plaintiff will be required to provide further responses to Interrogatory Nos. 17 and 18.

### B. Document Production Requests, Set One[3]

Defendant identifies sixteen document productions requests – Nos. 1, 4-9, and 11-19 – for which plaintiff's responses are inadequate. This court agrees. Plaintiff is required to respond to document production requests seeking relevant information by providing defendant with any documents in plaintiff's possession or control that are responsive. Fed. R. Civ. P. 34. For the most part, plaintiff responded to the requests with arguments in support of his claim. For a few requests, plaintiff stated that responsive documents are matters of public record. However, that is not the case. Plaintiff's 602 appeals are maintained by the prison and are not matters of public record. Further, plaintiff does not show that the documents he submitted to the medical board are public records. In fact, the website for the California Medical Board states that generally "[d]etails regarding a complaint and investigation are not available to the public.[4]"

Plaintiff is advised that he must do the following things in response to a document production request: (1) plaintiff must inform defendant whether not he has any documents responsive to the request; (2) if plaintiff does have a document or documents responsive to the request, he must identify the document(s); and (3) if plaintiff has a document or documents responsive to the request, he must provide defendant with a copy of the document(s).

Plaintiff will be required to provide appropriate responses to Document Production Request Nos. 1, 4-9, 11-19.

---

[3] Defendant's requests for production of documents and plaintiff's responses can be found at ECF No. 111-1 at 26-32.

[4] https://www.mbc.ca.gov/enforcement/

1  **C. Requests for Admissions**[5]

2  Defendant's only complaint is that plaintiff answered each request with a "A" or "D,"
3  which presumably mean admit or deny.  Defendant seeks an unambiguous response.  This court
4  agrees.  Plaintiff shall provide defendant with new responses that spell out whether he admits or
5  denies each request.  Plaintiff is advised that if he lacks the information to either admit or deny a
6  request, he must explain that in his response.

## PLAINTIFF'S MOTION FOR DEPOSITION TRANSCRIPT

On May 2, 2022, plaintiff filed a document entitled "Motion to Compel."  (ECF No. 112.)
Rather than seeking to compel defendant to respond to discovery, plaintiff seeks a copy of the
transcript of his deposition.  Defendant argues that the court reporter is not required to provide a
free copy, defendant is not required to pay for one, and the court is not required to pay for one,
particularly where plaintiff is not proceeding in forma pauperis.  (See ECF No. 116.)  And, this
court notes, even if plaintiff was proceeding in forma pauperis, he would not be entitled to a copy
of a deposition transcript at court or government expense.  See 28 U.S.C. § 1915(d); see also
Whittenberg v. Roll, No. 2:04–cv–2313 FCD JFM, 2006 WL 657381, at *5 (E.D. Cal.  Mar. 15,
2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the
deposition transcript free of charge).

Under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a
deposition is taken must provide a copy of the transcript to any party or to the deponent upon
payment of reasonable charges therefor.  Thus, the court will not order the court reporter, defense
counsel, or the defendant to provide plaintiff with a copy of his deposition transcript without
charge.  If plaintiff wants a copy of the deposition transcript, he must contact the officer before
whom the deposition was taken and pay that officer's fee.  See Boston v. Garcia, No. 2:10–cv–
1782 KJM DAD, 2013 WL 1165062, at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request
for a court order directing the defendant to provide him with a copy of his deposition transcript).

////

---

[5] Defendant's requests for admissions and plaintiff's responses can be found at ECF No. 111-1 at 42-47.

7

**MOTION TO AMEND THIRD AMENDED COMPLAINT**

Plaintiff seeks to amend his complaint to add defendant's counsel and a private doctor as defendants. (ECF No. 114.) In his motion, plaintiff alleges, among other things, that counsel improperly asked him where he obtained the money to file this suit, denied him a copy of the deposition transcript, and retaliated against him. In his reply, plaintiff also seeks sanctions against defendant's counsel due to "frivolous" discovery. (ECF No. 125.) Plaintiff does not provide any basis for his sanctions request; it will be denied.

In his proposed fourth amended complaint, plaintiff adds allegations that Dr. Knister, a physician at Queen of Valley Hospital in Napa, was deliberately indifferent in the use of radiation to treat plaintiff's prostate cancer in 2020. (ECF No. 118.)

Plaintiff's allegations here are unrelated to the allegations in the present case – that defendant Montejo failed to conduct adequate testing for prostate cancer in 2018. Plaintiff may not add unrelated claims against new defendants to this action. See Fed. R. Civ. P. 20(a)(2). Plaintiff is reminded that he attempted to add unrelated allegations to this action previously. In 2020, the court denied plaintiff's motion to add two defendants to this action whose conduct, like that alleged against Dr. Knister, involved plaintiff's care after he was diagnosed with prostate cancer. (See ECF No. 74 at 7.) Plaintiff's allegations against the Deputy Attorney General relate only to the litigation of this case. Plaintiff's motion to amend should be denied.

**OTHER MATTERS**

Recently, plaintiff filed another motion to proceed in forma pauperis. (ECF No. 119.) Defendant filed an opposition. (ECF No. 121.) Below the title of the motion form, plaintiff added "Imminent Danger 28 U.S.C. § 1915g." In a separate document entitled "Judicial Notice," plaintiff appears to contend that he is being subjected to an ongoing danger. (ECF No. 124.) Specifically, plaintiff claims that for over a year, Dr. Aung Nay has denied him surgery for his prostate cancer.

Because plaintiff has paid the filing fee, his motion to proceed in forma pauperis is moot and was terminated by the Clerk so it is not before the court. Plaintiff is advised that, to the extent he is attempting to argue he is now in imminent danger of physical harm, an exception to

the Three Strikes rule of 28 U.S.C. § 1915(g), this issue was resolved previously. (See ECF Nos. 86, 93.) Even if this court could consider plaintiff's motion, it would be denied. Imminent danger is considered as of the time a prisoner files his complaint, any allegations of new imminent danger are irrelevant. See 28 U.S.C. § 1915(g); Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015).

To the extent plaintiff seeks an injunction requiring Dr. Aung Nay to provide surgery for his prostate cancer, this court recommends that request be denied. Dr. Aung Nay is not a defendant in this action and their conduct, which plaintiff alleges started in May 2021, is not related to plaintiff's complaint about defendant Montejo's failure to conduct testing in 2018. If plaintiff seeks relief from Dr. Aung Nay, he should do so in a separate action.

Accordingly, and good cause appearing, IT IS HEREBY ORDRED that:

1. Defendant's motion to compel (ECF No. 111) is granted. Within thirty days of the date of this order, plaintiff shall send defendant's counsel the following:

    a. Further responses to Interrogatory Nos. 7-9 and 13-18;

    b. Further responses to Document Production Request Nos. 1, 4-9, and 11-19; and

    c. Further responses to all Requests for Admissions.

2. Defendant's motion to revise the DSO (ECF No. 123) is granted. The deadline for defendant to file any follow-up motion to compel or other related discovery motion is extended to August 30, 2022. The dispositive motion deadline is extended to October 30, 2022.

3. Plaintiff's motion for a copy of his deposition transcript (identified in the docket as "Motion to Compel") (ECF No. 112) is denied.

4. Plaintiff's request for sanctions (ECF No. 125) is denied.

Further, IT IS RECOMMENDED that

1. Plaintiff's motion to amend the third amended complaint (ECF No. 114) be denied.

2. To the extent plaintiff moves for an injunction against non-defendant Dr. Aung Nay, that motion (ECF No. 124) should be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after

being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 28, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/step1796.mtcs&mta