UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL STEPHENS, | No.  2:18-cv-1796 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| E. MONTEJO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendant was deliberately indifferent to his serious medical needs in the treatment of his prostate cancer. Before the court are:  (1) defendant's motion for terminating sanctions for plaintiff's failure to respond to court-ordered discovery, and (2) a number of motions filed by plaintiff.  For the reasons set forth below, this court will deny all pending motions.  In addition, this court will order plaintiff to provide defendant with a verification of his discovery responses and further responses to the request for production of documents.

## BACKGROUND

This case is proceeding on plaintiff's claim in his third amended complaint that defendant Montejo violated his Eighth Amendment rights in the treatment of plaintiff's prostate cancer. (See ECF Nos. 67, 74, 110.)  In April 2022, defendant moved to compel plaintiff to respond to interrogatories, requests for production of documents, and requests for admissions.  (ECF No.

111.)  On June 29, 2022, this court granted defendant's motion.  (ECF No. 128.)  This court gave plaintiff thirty days to provide defendant's counsel with the following:  (1) further responses to Interrogatory Nos. 7-9 and 13-18; (2) further responses to Document Production Request Nos. 1, 4-9, and 11-19; and (3) further responses to all Requests for Admissions.  Also on June 29, this court stayed consideration of a premature motion for summary judgment filed by plaintiff, denied plaintiff's request for a copy of his deposition transcript at no cost, and recommended plaintiff's motion to amend his third amended complaint be denied.

In a document filed July 15, 2022, plaintiff objected to this court's recommendation that his motion to amend be denied.  (ECF No. 130.)  Also in that document, plaintiff appears to seek reconsideration of this court's orders granting defendant's motion to compel and denying plaintiff's request for a copy of his deposition transcript at no cost.

Also on July 15, plaintiff filed a motion to stay this court's June 29 order pending Chief Judge Mueller's ruling on plaintiff's motion to amend the third amended complaint.  (ECF No. 131.)  Plaintiff further informed the court that he had twice contacted the court reporter for the cost of obtaining a copy of his deposition transcript but had not received a response.  Plaintiff sought an order requiring the court reporter to respond.

On August 16, defendant filed a motion for terminating sanctions.  (ECF No. 136.)  Defendant states that he had not, at that point, received the discovery ordered by the court on June 29.  In a document filed August 25, plaintiff argues that defendant's motion for terminating sanctions is frivolous and he seeks sanctions against defendant.  (ECF No. 137.)

On October 26, plaintiff filed a document in which he seeks to "strike" defendant's motion for sanctions.  (ECF No. 144.)  In that one-page document, plaintiff states that he "Complied with DISCOVERY on 9-13-22."  At the court's request, defendant filed a response to the motion to strike.  (ECF No. 147.)  Defendant notes that on about September 11, 2022, plaintiff provided him with further discovery responses.  However, defendant states that the responses are unverified and argues that plaintiff's response to the requests for production of documents is inadequate for several reasons.  In a reply, plaintiff simply states that defendant's argument of

////

2

inadequate discovery is "frivolous" and complains that defendant's counsel filed plaintiff's confidential information in public documents.  (ECF No. 149.)

On November 15, 2022, Chief Judge Mueller adopted this court's June 29 findings and recommendations and denied plaintiff's motion to amend the third amended complaint and motion for a preliminary injunction.  (ECF No. 146.)

On November 28, plaintiff filed a motion for a protective order and, on December 15, a request for judicial notice.  (ECF Nos. 150, 151.)  Plaintiff seeks an order to keep his deposition transcript out of the public docket, again argues defendant's counsel violated his privacy by filing confidential documents, and again argues defendant's motion for sanctions is frivolous.  In the second motion, plaintiff asks the court to judicially notice the "fact" that defendant did not file a response to plaintiff's reply to the motion to strike.  Plaintiff asserts this is somehow a waiver of defendant's opposition to the motion to strike.  On December 16, 2022, defendant filed oppositions to both motions.  (ECF Nos. 152, 153.)

## DISCUSSION

### I. Legal Standards Governing Sanctions

Federal Rule of Civil Procedure 37(b)(2) authorizes the court to issue sanctions when a party fails to obey an order to provide discovery.  The court may impose a broad range of sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses" or "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A).  Additionally, Local Rule 110 provides that "[f]ailure...of a party to comply...with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)).  Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case."  Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007).  But such a harsh penalty "should be imposed as a sanction only

3

1  in extreme circumstances."  Thompson, 782 F.2d at 831 (citing Henderson v. Duncan, 779 F.2d
2  1421, 1423 (9th Cir. 1986)).

3       Accordingly, the Ninth Circuit permits imposition of terminating sanctions only after the
4  district court has weighed: "(1) the public's interest in expeditious resolution of litigation; (2) the
5  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
6  favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."
7  Thompson, 782 F.2d at 831; Conn. Gen. Life Ins. Co., 482 F.3d at 1096 ("Only 'willfulness, bad
8  faith, and fault' justify terminating sanctions.") (quoting Jorgensen v. Cassiday, 320 F.3d 906,
9  912 (9th Cir. 2003)).

10       Plaintiff is proceeding pro se, and the court is mindful of precedent directing lenience in
11  the interpretation of plaintiff's filings.  The pleadings of pro se litigants are held to "less stringent
12  standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520
13  (1972).  Such lenience is important in a civil rights case, where "the court must construe the
14  pleadings liberally and afford the plaintiff the benefit of any doubt."  Karim-Panahi v. L.A. Police
15  Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th
16  Cir. 1992) (The rule of liberal construction is "particularly important in civil rights cases.").
17  Nevertheless, while courts construe pleadings liberally in favor of pro se litigants, pro se plaintiffs
18  remain bound by the applicable procedural rules.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.
19  1995).  "A party's lack of counsel may be considered in evaluating the willfulness of discovery
20  violations and the failure to obey orders and in weighing the other factors regarding dismissal, but
21  pro se status does not excuse intentional noncompliance with discovery rules and court orders."
22  Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (collecting cases).

## II.  Defendant's Motion for Sanctions

24       In the order filed June 29, 2022, this court gave plaintiff thirty days to provide defendant
25  with specific further responses to defendant's requests for production of documents,
26  interrogatories, and requests for admissions.  On August 16, defendant filed the present motion
27  for sanctions because he had not received plaintiff's responses.  On September 11, plaintiff
28  provided defendant with some, but not all, of the discovery responses ordered.  Further, plaintiff

1  failed to verify the interrogatory responses, as required by Federal Rule of Civil Procedure

2  33(b)(3), or even to sign the responses.

3       Plaintiff contends that defendant's motion is frivolous and that he was not required to

4  respond to the ordered discovery for various reasons.  In his August 23, 2022 filing, plaintiff

5  argues:  (1) his pending motion for a stay relieved him of the responsibility to respond to the

6  court's June 29 order; (2) the Attorney General's Office has engaged in a pattern of abuse that, he

7  appears to contend, is racially motivated and/or discriminatory against pro se plaintiffs; (3) the

8  Attorney General's Office has access to all of plaintiff's grievances, medical records, and

9  criminal history so plaintiff should not be expected to turn over those documents in discovery;

10  and (4) plaintiff's motion to amend his third amended complaint was pending.

11       With respect to the stay motion, at the time plaintiff's discovery responses were due, this

12  court had not granted a stay of its June 29 order.  Therefore, the June 29 order was still in effect

13  and plaintiff was still obligated to provide defendant with the ordered discovery by the end of

14  July.  That said, this court accepts that the pending motion could have caused some confusion.  In

15  addition, plaintiff's July 15 filing appears to include a request for reconsideration of this court's

16  June 29 order.  The pendency of plaintiff's request can also be considered grounds for plaintiff's

17  delay in complying with the June 29 order.

18       Plaintiff's remaining reasons for failing to comply with the court's June 29 order are

19  baseless.  First, defendant was not required to meet and confer with plaintiff prior to filing his

20  motion for sanctions.  Meet and confer is required by Rule 37(a) prior to filing a motion to

21  compel.  Defendant did not make a motion to compel.  Rather, defendant seeks sanctions for

22  plaintiff's failure to comply with a court order.  Second, plaintiff fails to make any showing that

23  the Attorney General's Office or defendant's counsel has engaged in any sort of discriminatory or

24  abusive behavior.  Third, plaintiff's assertion that defendant's counsel has access to plaintiff's

25  prison records does not excuse his noncompliance with the court's order.  This court already

26  found defendant entitled to the documents requested in the document production request.  And, as

27  discussed below, to the extent plaintiff requests reconsideration of this court's June 29 order, that

28  request is denied.

5

1    At this time, this court does not find the imposition of terminating sanctions warranted.

2    Plaintiff has provided an arguable basis for his delay.  Further, this court has lifted deadlines in

3    this case to permit defendant to obtain full answers to the discovery propounded.  Therefore,

4    defendant is not overly prejudiced by plaintiff's delays.  While this court appreciates defendant's

5    frustration with the slow pace of this case, plaintiff's behavior does not warrant dismissal.

6    **III.  Further Discovery Order**

7    Defendant has shown that plaintiff's further discovery responses are inadequate in several

8    respects.  First, plaintiff failed to verify or even sign the responses.  Second, plaintiff failed to

9    respond to documents production request nos. 11, 12, and 19.  Finally, plaintiff's response to

10   document production request no. 7 is not appropriate.  The fact that Dr. Shute is not a party to this

11   action does not mean discovery related to his actions is not relevant.

12   This court will order plaintiff to provide a verification for the discovery responses

13   provided previously.  That verification must be signed and must state: "I hereby certify that the

14   answers I provided in my discovery responses served on defendant on September 11, 2022 are

15   true and correct to the best of my knowledge and belief."  Plaintiff will also be ordered to provide

16   further responses and any responsive documents to document production requests 7, 11, 12, and

17   19.  Plaintiff must sign those responses as well.

18   **IV.  Plaintiff's Motions**

19   This court has reviewed plaintiff's filings in an attempt to determine his pending motions.

20   There are many.  First, plaintiff appears to seek reconsideration of this court's order on

21   defendant's motion to compel.  (See ECF Nos. 130.)  Plaintiff argues only that defendant's

22   counsel has access to plaintiff's prison records.  Reconsideration of a court order is appropriate

23   when a party raises new grounds and explains why those grounds were not raised previously.

24   E.D. Cal. R. 230(j).  Plaintiff could have argued defendant had access to those records in his

25   opposition to the motion to compel.  That argument provides no basis for reconsidering the grant

26   of defendant's motion to compel.  Plaintiff's motion for reconsideration of that order will be

27   denied.

28   ////

1         Second, plaintiff also appears to seek reconsideration of this court's June 29 denial of his

2    request for a free copy of his deposition transcript.  (ECF No. 131, 151.)  Plaintiff raises two new

3    grounds for those motions.  First, he complains that the court reporter failed to respond to his

4    requests for information about the copy.  Second, after receiving that information, plaintiff

5    complains about the cost.  Plaintiff argues that the cost, $725.20, is unreasonable.  This court

6    understands that the cost of the copy is high.  However, plaintiff is not proceeding in this case in

7    forma pauperis.  (See ECF No. 90.)  He paid the filing fee and is responsible for the costs of this

8    litigation.  Plaintiff had the option of reviewing his deposition transcript and taking notes.[1]  This

9    is sufficient to permit plaintiff to use his deposition testimony in this litigation.  While the lack of

10   a transcript may make such citations more difficult, that difficulty does not amount to a denial of

11   plaintiff's right of access to the courts.  See Picozzi v. Clark Cnty. Det. Ctr., No. 2-15-CV-00816

12   JCM PAL, 2017 WL 1023343, at *1 (D. Nev. Mar. 15, 2017) ("The Supreme Court has held that

13   an inmate's constitutional right of access to courts does not impose 'an affirmative obligation on

14   the states to finance and support prisoner litigation.'" (quoting Lewis v. Casey, 518 U.S. 343, 384

15   (1996)).

16        Third, plaintiff sought a stay of this court's discovery order pending Chief Judge

17   Mueller's resolution of plaintiff's motion to amend the third amended complaint.  (ECF No. 131.)

18   Because Chief Judge Mueller has now resolved that motion, plaintiff's argument is moot.

19   Further, nothing about resolution of the motion to amend would have affected defendant's right to

20   the discovery he sought.  Plaintiff's proposed fourth amended complaint did not change his

21   allegations about defendant's treatment of his prostate cancer.  Plaintiff's motion for a stay will

22   be denied.

23        Fourth, plaintiff moves for sanctions against defendant for bringing the motion for

24   terminating sanctions.  (ECF No. 137.)  Defendant's motion for sanctions is not frivolous.

25   Plaintiff violated an order of this court requiring the provision of discovery.  The federal rules

26

27   _____

[1] According to records from the prison, plaintiff was provided a copy to review but refused to
28   review it.  (See ECF No. 137 at 11.)  Plaintiff does not dispute that assertion.  Rather, plaintiff's
complains that he was not permitted to copy the transcript at that time.

1  recognize that violation as grounds for terminating sanctions.  Fed. R. Civ. P. 37(b)(2).  As

2  discussed above, while arguably plaintiff had grounds to refrain from complying with this court's

3  June 29 order, defendant also had grounds to seek sanctions for violation of that order.  Plaintiff's

4  motion for sanctions will be denied.  For the same reasons, plaintiff's motion to "strike" (ECF

5  No. 144) defendant's motion for terminating sanctions will be denied.

6       Fifth, plaintiff moves to strike his deposition transcript and or have it filed under seal

7  because he did not sign it.  (ECF Nos. 150.)  Plaintiff does not dispute a prison note that indicates

8  that he refused to review his deposition transcript.  (See ECF No. 137 at 10, 11.)  The fact that he,

9  apparently, also refused to sign it is not grounds to disregard plaintiff's deposition testimony.  See

10  Evans v. Cnty. of San Diego, No. CIV. 06CV877JM(RBB), 2009 WL 306609, at *2 (S.D. Cal.

11  Feb. 4, 2009) (citing EEOC v. Nat'l Cleaning Contractors, Inc., 90-Civ-6398(BSJ), 1996 WL

12  278078 (S.D.N.Y. May 23, 1996)).  This court finds no reason to seal the transcript based on the

13  absence of plaintiff's signature.  Plaintiff's motions will be denied.

14       Sixth, plaintiff seeks various sanctions for defense counsel's supposed violation of his

15  right to privacy.  (See ECF Nos. 144, 151.)  Defendant attached to his motion for sanctions a copy

16  of a prison log listing plaintiff's outgoing legal mail.  The log identifies the date and intended

17  recipient of that mail.  The log does not identify the content of the mail.  Plaintiff claims the log is

18  confidential.  Plaintiff cites the Freedom of Information Act and a prison operations manual as

19  support for his argument.  Neither provides any support.  The Freedom of Information Act applies

20  to official records kept by federal agencies.  Kerr v. U.S. Dist. Ct. for N. Dist. of California, 511

21  F.2d 192, 197 (9th Cir. 1975).  Plaintiff's mail log is kept by the state prison system.  With

22  respect to the prison operations manual, plaintiff does not show that it creates any right of

23  confidentiality in the prison mailroom's logs of plaintiff's legal mail.  Plaintiff fails to show that

24  he has a right to privacy in records that simply show he sent legal mail.  Plaintiff's motion for

25  sanctions based on the release of confidential information will be denied.

26  **V.  Excessive Filings**

27       As is evident from this order, plaintiff filed many motions in the last six months.  Some of

28  his filings include multiple motions.  Many of the motions are redundant of prior ones.  Plaintiff

is cautioned that a litigant may suffer restricted access to the court when he has filed excessive documents in a pending action.[2] <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990); <u>see also</u> <u>Tripati v. Beaman</u>, 878 F.2d 351, 352 (10th Cir. 1989).

Plaintiff is further advised that, in the future, this court will not comb through his filings to attempt to determine what requests or motions plaintiff is making.  If plaintiff wishes to file a motion, he must do the following:  (1) be certain he has a factual and legal basis for the motion; (2) not repeat a motion he has filed previously; (3) make each motion a separate document; and (4) clearly state in each motion what plaintiff is asking the court to do, the reasons for his motion, and the legal basis for the motion.

Finally, this court will excuse defendant from compliance with the requirement in Local Rule 230(l) that he file an opposition to each of plaintiff's motions.  If the court finds a response necessary, defendant will be ordered to provide one.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1.  Defendant's motion for terminating sanctions (ECF No. 136) is denied.

2.  Plaintiff's motions for reconsideration of this court's June 29, 2022 orders granting defendant's motion to compel and denying plaintiff's motion for a copy of his deposition transcript (ECF Nos. 130, 131, 151) are denied.

3.  Plaintiff's motion for a stay of this court's June 29 order granting defendant's motion to compel (ECF No. 131) is denied.

4.  Plaintiff's motion for sanctions based on defendant's motion for sanctions (ECF No. 137) is denied.

5.  Plaintiff's motion to strike defendant's motion for sanctions (ECF No. 144) is denied.

6.  Plaintiff's motion to strike or seal his deposition transcript (ECF No. 150) is denied.

////

---

[2] It is also worth noting that plaintiff's in forma pauperis status was revoked in this case because he has filed numerous actions that were dismissed for frivolousness or for failure to state a claim for relief.  (<u>See</u> ECF Nos. 6, 86, 90.)

7.  Plaintiff's motions for sanctions against defendant's counsel for alleged violation of his right to privacy (ECF Nos. 144, 151) are denied.

8.  Within twenty days of the filed date of this order, plaintiff shall send defendant's counsel the following:

a.  A signed verification of plaintiff's previously-provided discovery responses. The verification shall state:  "I hereby certify that the answers I provided in my discovery responses served on defendant on September 11, 2022 are true and correct to the best of my knowledge and belief."

b.  Further responses and any responsive documents to document production requests 7, 11, 12, and 19.  Plaintiff must sign those responses.

Dated:  January 20, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/step1796.term sanctions

10